IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 07-40053

United States of America

Plaintiff-Appellee

v.

Marcos Castillo-Morales

Defendant-Appellant

Appeal from the United States District Court for the
Southern District of Texas - Brownsville Division

Before JONES, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

EDITH H. JONES, Chief Judge:

Marcos Castillo-Morales ("Castillo") appeals the sentence imposed after he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). Over Castillo's objection, the district court enhanced his offense by 16 levels based on its conclusion that Castillo's prior Florida conviction for second-degree burglary was a "crime of violence" within section 2L1.2 of the United States Sentencing Guidelines ("U.S.S.G."). Because the relevant Florida court documents indicate Castillo committed the "crime of violence" of "burglary of a dwelling," as enumerated in U.S.S.G. § 2L1.2, we affirm.

BACKGROUND

Castillo is a Mexican citizen who has been convicted of crimes in a number of states and deported twice. In July 2006, following his second deportation, border agents found Castillo hiding in brush in Combes, Texas. After his arrest, Castillo pleaded guilty to illegal reentry following an aggravated-felony conviction and deportation in violation of 8 U.S.C. § 1326(a).

In January 2007, the district court sentenced Castillo to 70 months imprisonment after calculating a sentencing guideline range of 70–87 months. To reach that guideline range, the district court applied, among other adjustments, a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) after determining that Castillo's 2006 Florida conviction for burglary under FLA. STAT. § 810.02 constituted a "crime of violence." Castillo objected to the district court's treatment of his 2006 burglary conviction as a "crime of violence." He also argued that the use of prior convictions as sentencing factors under 8 U.S.C. § 1326(b) is unconstitutional. The district court overruled these objections and Castillo filed a timely notice of appeal.

DISCUSSION

I.

Castillo argues the district court erred in concluding that a burglary conviction under FLA. STAT. § 810.02 (1), (3) (2005) qualifies as a "burglary of a dwelling" under U.S.S.G. § 2L1.2's definition of "crime of violence." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2006). Because Castillo preserved the error by objecting to the enhancement in the district court, we review the interpretation of the sentencing guidelines de novo. United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc), cert. denied, 543 U.S. 1076 (2005).

Section 2L1.2 increases the offense level for unlawfully entering or remaining in the United States by 16 levels if the defendant has a prior conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The

commentary to § 2L1.2 defines "crime of violence" as (1) any specific enumerated offense, including "burglary of a dwelling"; or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The Government contends only that Castillo's burglary conviction constitutes an enumerated "crime of violence" offense, namely, "burglary of a dwelling." We pretermit discussion whether the offense has as an element the use of force.

The determination whether a prior conviction is an enumerated "crime of violence" requires an examination of the "generic contemporary meaning" of the offense and a comparison to the actual statute of conviction. See United States v. Murillo-Lopez, 444 F.3d 337, 339 (5th Cir. 2006). This court applies a common-sense approach to elucidate an enumerated offense as that offense "is understood in its ordinary, contemporary, and common meaning." Id. Under the common-sense approach, a dwelling is any structure, including a tent or vessel, that is used for human habitation. Id. at 345; see also United States v. Mendoza-Sanchez, 456 F.3d 479, 482 (5th Cir. 2006). Thus, Castillo's prior conviction is a "crime of violence" only if it involved burgling a structure, tent, or vessel where someone lives.

Next, we compare the common sense definition with the particular subdivision of the second-degree burglary statute under which Castillo was convicted. United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006). "Burglary" under FLA. STAT. § 810.02 means "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter." FLA. STAT. § 810.02(1)(b). "Dwelling" is defined as "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof

over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof." FLA. STAT. § 810.011(2) (2005).

In United States v. Gomez-Guerra, 485 F.3d 301, 303–04 (5th Cir. 2007), this court held that a conviction under FLA. STAT. § 810.02 was not a "crime of violence" because under the statute, a "dwelling" includes the curtilage around the structure, which is not ordinarily habitable by humans. But Gomez-Guerra does not end our inquiry here. "If the statute of conviction is overly broad, we may also examine certain adjudicative records to determine whether the prior conviction qualifies as an enumerated offense." Murillo-Lopez, 444 F.3d at 339-40. "These records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented.'" Id. (quoting United States v. Gonzalez-Chavez, 432 F.3d 334, 337–38 (5th Cir. 2005)). The Government contends that the court documents underlying Castillo's plea establish that he was in fact convicted of "burglary of a dwelling."

Considering the adjudicative records, the district court found that during the Florida plea colloquy, Castillo stipulated to "a factual basis" for his offense, and he similarly stipulated based on "documents in the court file, including the complaint affidavit(s)." The "798 Charging Affidavit" includes an admission from Castillo's accomplice and co-defendant Escoto, which states he and Castillo "entered the residence through an unsecured kitchen window" (emphasis added). The charging affidavit also indicates that after the investigator spoke with Escoto, Castillo "also confessed to the Burglary." On this basis, the district court concluded that Castillo's 2006 Florida burglary offense was a crime of violence because he burgled a house, not just curtilage.

Castillo does not dispute what the "798 Charging Affidavit" says. Rather, he argues that neither his admission to "a factual basis" for the charge of burglary during the plea colloquy nor his written plea agreement identifies as

the source of the factual basis paragraph two of the "798 Charging Affidavit." The plea agreement states only that there is "a factual basis" for the offense in the "court documents," including the "complaint affidavit."[1] The "factual basis" to which he assented may have been in one of the other documents, all of which simply identified the offense as "burglary of a dwelling." Under Florida law, as noted, burglary of a dwelling includes curtilage. FLA. STAT. § 810.011(2) (2006); see also Gomez-Guerra, 485 F.3d at 303-04. Therefore, Castillo contends, the district court could not conclude that his guilty plea "necessarily rested on the fact identifying the burglary as [the] generic" burglary of a dwelling offense enumerated in the sentencing guidelines. See Shepard v. United States, 544 U.S. 13, 20–21 (2005).

Essentially, Castillo asks this court to craft a new rule requiring that when a defendant stipulates that "a factual basis" for his offense is found in "court documents," the specific facts assented to by the defendant, or the specific document that served as the factual basis for the plea, must be exactly identified in the record. Otherwise, the sentencing court cannot properly ascertain whether the plea and conviction "necessarily rested on the fact identifying the burglary as generic." But, we conclude, the Supreme Court's opinion in Shepard requires no such rule.

Shepard allowed courts to examine certain court documents to locate elements of the offense. Id. In this case, Castillo stipulated to a factual basis for his offense that could be found in the court documents, specifically, the charging

---

[1] Castillo argues that because the document found in the court file is entitled, "Charging Affidavit," not "Complaint Affidavit," there is no evidence that he assented to the facts present in the "Charging Affidavit." Paragraph three of the plea agreement states, "I agree that a factual basis for the court to accept my plea(s) is contained in documents in the court file, including the complaint affidavit(s)." Although no document in the court file is entitled "Complaint Affidavit," the Florida court document that describes the "factual basis" for the plea, beyond simply calling the offense "burglary of a dwelling," is the "798 Charging Affidavit." We reject Castillo's attempt to build his argument on discrepancies in Florida court nomenclature.

affidavit that indicated he entered a residence through a kitchen window. This factual basis was not contradicted by any other facts found in the court records. No evidentiary hearing was required to sort out what offense Castillo actually committed.[2] Thus, the facts to which Castillo stipulated in the Florida court documents were effective in assisting the federal court's determination that he committed a crime of violence. We hold that when a defendant stipulates that "a factual basis" for his plea is present in "court documents," courts may use any uncontradicted facts in those documents to establish an element of a prior conviction.[3] See also Mendoza-Sanchez, 456 F.3d at 483 ("We are satisfied that the district court can use all facts admitted by the defendant in determining whether a prior conviction qualifies as an enumerated offense under § 2L1.2.").

Castillo argues that allowing sentencing courts to use facts in court documents not specifically stipulated by a defendant as the factual basis for his plea is inconsistent with this court's prior holding in United States v. Gonzalez-Ramirez, 477 F.3d 310 (5th Cir. 2007). Gonzalez-Ramirez states that "[a]bsent clarification regarding the offense and conviction," the court "determine[s] whether the least culpable act constituting a violation of that statute constitutes the enumerated offense for purposes of U.S.S.G. § 2L1.2." Id. at 314–15 (emphasis added). In Gonzalez-Ramirez, however, there were no state court documents illuminating whether the defendant's Tennessee conviction of

---

[2] The central purpose of the elements-based, categorical approach for determining whether prior convictions are crimes of violence is to avoid evidentiary inquiries into the factual basis for the earlier conviction. Shepard, 544 U.S. at 20. The modified categorical approach of Shepard "dr[aws] a pragmatic conclusion about the best way to identify generic convictions." Id. Our holding here is consistent with Shepard's "pragmatic approach."

[3] The "court documents" must be of the type allowable under Shepard, namely, the charging document, the plea agreement, a transcript of a colloquy between the defendant and the judge in which the factual basis for the plea is confirmed, explicit factual findings by the district court to which the defendant assented upon entering the plea, or some comparable judicial record of this information. See Shepard, 544 U.S. at 20–21, 26; see also Murillo-Lopez, 444 F.3d at 339–40.

attempted kidnapping was the enumerated crime of kidnapping under § 2L1.2. Where, as here, there are court documents containing the factual basis for the conviction, Gonzalez-Ramirez does not apply.

Castillo's 2006 Florida burglary conviction was therefore a crime of violence under U.S.S.G. § 2L1.2 because the "generic" enumerated offense of "burglary of a dwelling" requires the burgling of a structure, tent, or vessel where someone lives, and Castillo stipulated to that factual basis for his plea in the charging affidavit.

## II.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Castillo also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that the issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

The judgment and sentence of the district court are
AFFIRMED.