# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-51410
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JACINTO MONTOYA–BELTRAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-443

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jacinto Montoya-Beltran (Montoya) appeals the sentence imposed following his guilty–plea conviction for unlawful reentry in violation of 8 U.S.C. § 1326. For the following reasons, we vacate his sentence and remand this matter for further proceedings.

Montoya argues that the district court erred by imposing a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on three 1963 convictions for burglary of a house. The district court concluded that the offense,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglary of a house, was the equivalent of the enumerated offense of burglary of a dwelling under § 2L1.2(b)(1)(A)(ii). According to Montoya, at the time of his conviction, the term "house" was broadly defined to include structures other than those that meet the definition of "dwelling" as defined for purposes of the enhancement.

In determining whether an offense constitutes an enumerated offense under § 2L1.2, this court employs a "common sense" approach, looking to whether the prior offense meets the generic, contemporary definition of the enumerated offense, as it is understood in its ordinary, contemporary, and common meaning. United States v. Castillo-Morales, 507 F.3d 873, 874-75 (5th Cir. 2007), cert. denied, 128 S. Ct. 1106 (2008) (citations omitted). Under this common–sense approach, burglary is the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime." United States v. Ortega-Gonzaga, 490 F.3d 393, 394-95 (5th Cir. 2007), cert. denied, 128 S. Ct. 410 (2007) (citation omitted). A dwelling for purposes of § 2L1.2 is defined as any structure, including a tent or vessel, used for human habitation. Castillo-Morales, 507 F.3d at 875 (citation omitted).

Although the parties dispute whether Montoya was convicted under former Article 1389 or Article 1390 of the Texas Penal Code, both statutes criminalize entering a house with the intent to commit a felony or theft. The determinative question in this case is whether the structure at issue was a dwelling. Under Texas law at the time, a house was defined as any building or structure erected for public or private use, whether the property of the United States, Texas, an individual, or private or public corporation or association. See Robles v. State, 664 S.W.2d 91, 95 n.2 (Tex. Crim. App. 1984) (Clinton, J., concurring) (citing TEX. PENAL CODE ART. 1395 (Vernon 1953) (repealed)). Texas courts have defined the term "house" to include structures such as a store, church, barn, smokehouse, "and even a fruit stand." Edwards v. Texas, 463 S.W.2d 733, 734-35 (Tex. Crim. App. 1971). It is plain from the foregoing that

the term "house" is broader than the term "dwelling." The Government nevertheless argues that the language of the indictments, as recited in the presentence report, demonstrates that the structure at issue was a private residence. Those indictments each state that Montoya entered a house "situate and occupied" by a specific individual with the intent to take that person's property. However, the fact that the structure was occupied by a person does not necessarily mean that the structure was a dwelling as that term is defined. Plainly, a structure that is not a dwelling may nevertheless be occupied by a person. See, e.g., Bennett v. Texas, 455 S.W.2d 239, 241-42 (Tex. Crim. App. 1970).

Given the foregoing, we conclude that Montoya's prior convictions of burglary of a house do not constitute the enumerated offense of burglary of a dwelling under § 2L1.2. Accordingly, we VACATE the sentence and REMAND this matter for further proceedings consistent with this opinion. We need not reach any other arguments urged by the parties.