**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-51464

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

PEDRO RUIZ-SANTOS

Defendant - Appellant

Appeal from the United States District Court for
the Northern District of Texas
USDC No. 2:07-CR-00306-WWJ

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant Pedro Ruiz-Santos, a citizen of Mexico, appeals the sentence imposed by the district court after he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(b). The sentence included a 16-level enhancement, which the district court imposed after concluding that Ruiz-Santos's prior Washington conviction for attempted residential burglary constituted a "crime of violence" under section 2L1.2 of the United States Sentencing Guidelines (U.S.S.G.). Pretermitting the issue of whether Washington's residential burglary statute is

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

categorically a "crime of violence," we conclude that the relevant Washington documents show that Ruiz-Santos committed the "crime of violence" of "burglary of a dwelling," under U.S.S.G. § 2L1.2. We accordingly affirm the district court's judgment and sentence.

## I. BACKGROUND

Ruiz-Santos is a Mexican citizen who has previously been deported from the United States. After border patrol agents apprehended and arrested him in Eagle Pass, Texas, Ruiz-Santos pleaded guilty to illegal reentry under § 1326(b). The court applied a 16-level enhancement under U.S.S.G. § 2L1.2 after determining that Ruiz-Santos's prior conviction for attempted residential burglary under WASH. REV. CODE § 9A.52.025 constituted a "crime of violence." Ruiz-Santos objected to the treatment of his prior conviction as a "crime of violence," but the district court overruled his objection. Although this left Ruiz-Santos with a guideline imprisonment range of 77-96 months, the court varied downward and imposed a sentence of 46 months' imprisonment. Ruiz-Santos then filed this timely appeal.

## II. DISCUSSION

Ruiz-Santos contends that the district court erred in concluding that his conviction under Washington's residential burglary statute qualifies as a "burglary of a dwelling" under the sentencing guidelines' definition of "crime of violence." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Because Ruiz-Santos objected in a timely fashion to the district court's decision to impose this enhancement, our review is de novo. *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003) (noting that appellate courts review a district court's application of the Guidelines de novo).

Section 2L1.2 increases the offense level for unlawfully entering or remaining in the United States by 16 levels if the defendant has a prior conviction constituting a "crime of violence." The Guidelines define "crime of

2

violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).[1] An attempt to commit a "crime of violence" is treated as a "crime of violence." U.S.S.G. § 4B1.2 cmt. n.1.

To determine whether Ruiz-Santos's conviction for attempted residential burglary under § 9A.52.025 constitutes a "crime of violence," we employ the two-step approach outlined by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Murillo-Lopez*, 444 F.3d 337, 341-42 (5th Cir. 2006) (discussing *Taylor*). Under this approach, we first ask whether the state statute criminalizes only that conduct that constitutes a crime of violence under § 4B1.2(a)(2). *See Taylor*, 495 U.S. at 602; *Murillo-Lopez*, 444 F.3d at 341. To make this determination, we compare the scope of the state statute with the common, contemporary, and ordinary meaning of the enumerated crime of violence, in this case burglary of a dwelling. *Murillo-Lopez*, 444 F.3d at 344. If the state statute criminalizes only that conduct falling under the contemporary meaning of the enumerated "crime of violence," a conviction under that statute is categorically a "crime of violence." *See id.* at 342 (noting that this circuit employs *Taylor*'s categorical approach to determine whether a state statute falls within the scope of the Guidelines).

Even in the absence of a categorical match, however, a prior state conviction can still constitute a "crime of violence" if the record includes sufficient evidence to conclude that the defendant was convicted of the elements of the generically defined crime. *See United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1106 (2008). Under this modified categorical approach, our review of the record is "generally limited to

---

[1] The prong of the "crime of violence" definition that requires "use . . . of force" is not at issue here.

the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *United States v. Gonzalez-Chavez*, 432 F.3d 334, 337-38 (5th Cir. 2005) (citation and internal quotation omitted).

The district court concluded that Ruiz-Santos's conviction under § 9A.52.025 constituted a "crime of violence." Under that statute, "[a] person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." WASH. REV. CODE § 9A.52.025. Washington law defines "dwelling" as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging[.]" *Id*. § 9A.04.110(7). A "building" includes "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein[.]" *Id*. § 9A.04.110(5).

In *United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003), the Ninth Circuit concluded that § 9A.52.025 is not categorically a "crime of violence" because "[s]ome things that are dwellings under Washington law (*e.g.*, fenced areas, railway cars, and cargo containers) are not buildings or structures under federal law, and so cannot support a conviction for generic 'burglary . . . .'" *Wenner*, 351 F.3d at 972. To define generic burglary, the Ninth Circuit relied on the Supreme Court's decision in *Taylor*, which construed the term "burglary" under the Armed Career Criminal Act. *Id*. *Taylor* defined "burglary" as "an unlawful or unprivileged entry into, or remaining in, *a building or other structure*, with intent to commit a crime." 495 U.S. at 598 (emphasis added).

Like the Ninth Circuit, we have adopted *Taylor*'s definition of "burglary" "when defining the 'burglary' part of 'burglary of a dwelling' under the Guidelines." *United States v. Oretga-Gonzaga*, 490 F.3d 393, 395 (5th Cir. 2007). But unlike our sister circuit, we have not limited the "of a dwelling" element of

4

"burglary of a dwelling" to *Taylor*'s requirement of a "building or other structure." *Compare Ortega-Gonzalez*, 490 F.3d 395, *with Wenner*, 351 F.3d at 972-73." Instead, we have recognized that "burglary of a dwelling" can encompass different structures than "burglary." *Ortega-Gonzalez*, 490 F.3d at 395. Thus, for example, in *Murillo-Lopez*, we concluded that "'burglary of a dwelling' includes the elements of generic burglary as stated in *Taylor* but it also includes, at a minimum, tents or vessels used for human habitation." 444 F.3d at 345. In *Castillo-Morales*, we arguably went further, defining a "dwelling" as "any structure, including a tent or vessel, that is used for human habitation." 507 F.3d at 875.

It is unnecessary to determine in this case whether our broader definition of "dwelling" dictates a different result than that reached by the Ninth Circuit in *Wenner*. Under the modified categorical approach, the relevant Washington documents contain sufficient evidence to conclude that, in this specific case, Ruiz-Santos was convicted of the elements of generic "burglary of dwelling" as defined by this circuit.

Ruiz-Santos pleaded guilty to a Washington information for "Attempted Residential Burglary" alleging that:

> on or about OCTOBER 28, 2002, with intent to commit a crime against a person or property therein, [Ruiz-Santos] did attempt to enter or remain unlawfully in a dwelling other than a vehicle located at 106 FERN STREET NW, ROYAL CITY, WA, and committed an act, to-wit: REMOVED A WINDOW SCREEN AND WAS CAUGHT ATTEMPTING TO PRY OPEN A WINDOW, which was a substantial step toward that crime.

Under the modified categorical approach, our task is to compare the content of this charging document with our circuit's definition of generic "burglary of a dwelling" to see whether Ruiz-Santos was convicted of that crime. *See Castillo-Morales*, 507 F.3d at 874-75. Ruiz-Santos's guilty plea to this information unambiguously encompasses the "unlawful or unprivileged entry into, or

remaining in" and the "with intent to commit a crime" elements of generic burglary. *Taylor*, 495 U.S. at 598; *Oretga-Gonzaga*, 490 F.3d at 395 (adopting these elements of *Taylor*). Thus, the only issue here is whether the "dwelling" element of the generic crime was established by Ruiz-Santos's guilty plea. Ruiz Santos contends that it was not because the information's reference to a "dwelling" located at "106 FERN STREET NW, ROYAL CITY, WA" leaves open the possibility that he pleaded guilty to burgling a fenced area, a railway car, or a cargo container. But fenced areas do not contain windows and, under Washington law, a cargo container or railway car that doubles as a "dwelling" is necessarily a structure used for lodging.[2] Thus, the content of the information comports with this circuit's generic definition of "dwelling."

Ruiz-Santos nevertheless contends that the information makes it impossible to show whether he burgled an inhabited residence or merely a vacant building because the information uses the disjunctive language, "with intent to commit a crime against a person *or* the property therein." (emphasis added). But the information also uses the term "dwelling" which Washington defines as a place "used or ordinarily used by a person for lodging." § 9A.04.110(7). This limitation on the scope of the information is consistent with this circuit's requirement that generic burglary include a "structure . . . used for human habitation." *Castillo-Morales,* 507 F.3d at 875; *see also* BLACK'S LAW DICTIONARY 546 (8th ed. 2004) (defining "dwelling house" as a "space that is used or intended for use as a human habitation.").

---

[2] Both cargo containers and railway cars are "structures" as that term is used in *Murillo-Lopez* and *Castillo-Morales*. The information also uses the term "dwelling." Under Washington law, a "dwelling" is a place "used or ordinarily used by a person for lodging." § 9A.04.110(7). Because neither a cargo container nor a railway car is ordinarily used as a place of lodging, Ruiz-Santos could only have been convicted under this statute of burglarizing one of these structures if it was being used by a person for lodging.

Ruiz-Santos also argues that it is possible he could have pleaded to a subsequent indictment instead of the information referenced above. But no such indictment is contained in the record and the judgment and bill of information previously discussed bear the same case number and report the same date for the crime. In light of this evidence, the mere speculative possibility that a subsequent indictment might exist is not sufficient to overcome the powerful inference that Ruiz-Santos pleaded guilty to the information in this record. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 386-87 (5th Cir. 2006) (finding no record support for defendant's argument that he pleaded guilty to a charge other than that in his indictment). As such, we conclude that Ruiz-Santos's Washington conviction for attempted residential burglary encompassed the elements of generic "burglary of a dwelling," including the requirement of a "structure . . . used for human habitation." *Castillo-Morales,* 507 F.3d at 875.[3]

## III. CONCLUSION

For these reasons, the district court's judgment and sentence are AFFIRMED.

---

[3] Ruiz-Santos also argues that the district court improperly referenced the presentence report in concluding that he committed a "crime of violence." But having concluded under our de novo review that the permitted documents establish that Ruiz-Santos was convicted of the generic crime of "burglary of a residence," the documents considered by the district court are no longer of consequence.