# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2011

Lyle W. Cayce
Clerk

No. 09-11187

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS RAFAEL MIRANDA-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC 5:09-CR-53

Before JONES, Chief Judge, and KING and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326, Carlos Rafael Miranda-Garcia contests his sentence. Our review is only for plain error. AFFIRMED.

**I.**

Miranda was deported from the United States in 2004. Under 8 U.S.C. § 1326(b)(1), if that removal followed being convicted of three or more misdemeanor convictions for drugs, crimes against the person, or both, Miranda

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11187

is subject to a maximum term of ten-years' imprisonment, instead of a 24-month maximum if there were less than three such offenses. *See* 8 U.S.C. § 1326(a). Along that line, Miranda had, *inter alia*, three misdemeanor convictions: in 1999 and 2001 for attempted illegal possession of a controlled substance; and, in 2000 for assaulting a peace officer in Utah. Accordingly, his signed plea agreement stipulated that his maximum allowable sentence was ten years. And, he did *not* object to that maximum at re-arraignment and sentencing.

Miranda had an advisory Guidelines sentencing range of two to eight months. But, the district court sentenced him to, *inter alia*, 36 months' imprisonment.

## II.

Miranda contends: his Utah conviction for assaulting a peace officer did *not* qualify as a crime-against-the-person predicate offense (he does not contest his 1999 and 2001 convictions being such offenses); and, accordingly, his sentence is illegal because it exceeds the 24-month maximum under § 1326(a). Because he did not preserve this issue at sentencing, review is only for plain error. *United States v. Ramirez*, 557 F.3d 200, 202 (5th Cir. 2009). For reversible plain error, there must be clear or obvious error that affected Miranda's substantial rights; even then, we retain discretion to correct the error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.*, *United States v. Villegas*, 404 F.3d 355, 358-59 (5th Cir. 2005).

A "crime against the person" is defined as "those offenses that, by their nature, are likely to involve the intentional use or threat of physical force against another person". *United States v. Trejo-Galvan*, 304 F.3d 406, 410 (5th Cir. 2002). For deciding whether the Utah conviction qualifies as a predicate offense, we apply the categorical approach established in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Sandoval-Ruiz*, 543 F.3d 733, 735 (5th Cir.

No. 09-11187

2008). In so doing, we look to the elements for the offense, not the facts underlying the conviction. *E.g.*, *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004).

Under the Utah Criminal Code, a person is guilty of a Class A misdemeanor assault of a peace officer if he: "assaults [the] officer, with knowledge that he is a peace officer, and when the . . . officer is acting within the scope of his authority as a peace officer . . . ." UTAH CODE ANN. § 76-5-102.4. Such assault is:

> (a) an attempt, with unlawful force or violence, to do bodily injury to another;
> (b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
> (c) an act, committed with unlawful force or violence, that causes or creates a substantial risk of bodily injury to another.

UTAH CODE ANN. § 76-5-102(1). An assault is a Class A misdemeanor if "the person causes substantial bodily injury to another . . . ." UTAH CODE ANN. § 76-5-102(3)(a). Although § 76-5-102 does not specify a culpable mental state, the Utah Criminal Code states that "[e]very offense not involving strict liability shall require a culpable mental state"; when a statute does not so specify, "intent, knowledge, or recklessness . . . suffice to establish criminal responsibility". UTAH CODE ANN. § 76-2-102.

Where, as here, a criminal statute includes multiple bases for liability, court records for the offense may be reviewed to assess the basis for conviction—the modified categorical approach. *Shepard v. United States*, 544 U.S. 13, 16 (2005). Such records include: the indictment, the plea agreement, a transcript of the guilty-plea colloquy confirming the factual basis, any explicit factual finding by the trial court to which defendant assented, "or some comparable judicial record of this information". *United States v. Castillo-Morales*, 507 F.3d 873, 876 n.3 (5th Cir. 2007).

No. 09-11187

In Miranda's guilty-plea colloquy for the Utah offense, he admitted to: arguing with officers; spitting on them; and intentionally attempting to head-butt them multiple times.  Based on the factual basis describing this offense, as well as Miranda's response to the state court's questions regarding those events, Miranda fails to demonstrate plain error in the district court's implicit conclusion that he admitted to intentional conduct.

Accordingly, there was no error in that conviction's being used as a predicate offense.  Even assuming error, it was not clear or obvious because the case law on this point is unsettled.  *See, e.g.*, *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (recognizing error not clear or obvious where case law remains unsettled).

### III.

For the foregoing reasons, the judgment is AFFIRMED.