# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

12-40802

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REY DAVID GUERRERO-NAVARRO,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Southern District of Texas

————————

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Rey David Guerrero-Navarro challenges the district court's classification of his 2009 conviction of Residential Burglary, WASH. REV. CODE ANN. § 9A.52.025, as a crime of violence for the purposes of United States Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A). We affirm.

Guerrero-Navarro recently pled guilty to (1) knowing unlawful presence in the United States, in violation of 6 U.S.C. §§ 202(3) & 202(4); and (2) knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) & 924(a)(2). The district court concluded that the aforementioned Washington state offense qualifies as a crime of violence under USSG § 4B1.2(a). After overruling Guerrero-Navarro's objection to this classification, the court enhanced his sentence accordingly. Guerrero-Navarro appeals, arguing that

the offense cannot constitute the enumerated generic offense of burglary of a dwelling, because the statute defines "dwelling" more liberally than permitted by *Taylor v. United States*, 495 U.S. 575 (1990). He does not contest any other aspect of the sentence calculation. Because Guerrero-Navarro raised timely objection, we review *de novo*. *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006).

The Sentencing Guidelines allow enhancement when a previously deported alien unlawfully returns to the United States and has a prior conviction of a felony crime of violence. § 2L1.2(b)(1)(A). Crime of violence is defined, *inter alia*, as "burglary of a dwelling, arson, or extortion . . . ." USSG § 4B1.2(a). To determine whether a state offense constitutes one of these enumerated generic crimes, courts must examine the statutory definition of the offense to determine whether an associated conviction necessarily satisfies the elements of the generic crime, as that crime is understood in its ordinary, contemporary meaning. *Taylor*, 495 U.S. at 599. This Court employs a "common sense" approach in making this determination. *Murillo-Lopez*, 444 F.3d at 339. Where the state statute criminalizes conduct that falls both within and without the scope of the generic crime, the offense is overbroad and any associated conviction cannot categorically be classified as a crime of violence. *Id.* at 600–01. Before determining that a statute is overbroad, courts "must find a realistic probability, *and not merely a theoretical possibility,* that the state would apply its statute to conduct that falls outside the generic definition of the crime." *Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 193 (2007) (emphasis added). To establish a realistic probability that a state would apply its statute in an overly broad manner, a defendant "must at least point to his own case or [to] other cases" in which a state court has done so. *Id.*

"The generic offense of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other

structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. Burglary of a dwelling, then, is the unlawful entry into or remaining within, with the intent to commit a crime, a "structure, tent, or vessel where someone lives." *United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007). A review of the statutory language and judicial interpretation indicates that Washington's Residential Burglary offense is consistent with these standards and is not overbroad.

The state of Washington defines Residential Burglary as "enter[ing] or remain[ing] unlawfully in a dwelling other than a vehicle" with an "intent to commit a crime against a person or property therein." WASH. REV. CODE ANN. § 9A.52.025(1). A dwelling is "any building or structure . . . which is used or ordinarily used by a person for lodging." *Id.* § 9A.04.110(7). "Building, in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein . . . ." *Id.* § 9A.04.110(5). Guerrero-Navarro contends that these statutory definitions result in an impermissibly broad rendering of the "dwelling" element of the generic offense. The other elements are not in dispute.

Guerrero-Navarro argues that Washington's statutory definitions suggest that dwelling may refer to fenced areas, cargo containers, or other structures impermissible under *Taylor*, 495 U.S. at 599. We note, however, that the generic crime at issue here is not the one discussed in *Taylor*.[1] The *Taylor* Court described overbreadth with respect to the generic crime of

---

[1] *See United States v. Ortega-Gonzaga*, 490 F.3d 393, 395 (5th Cir. 2007) (emphasizing the distinction between dwellings and the structures permitted under *Taylor*); *Murillo-Lopez*, 444 F.3d at 342 (expressly rejecting the suggestion that *Taylor*'s discussion of buildings constrains our interpretation of dwelling); *United States v. Garcia-Mendez*, 420 F.3d 454, 456–57 (5th Cir. 2005) (finding that a Texas offense constitutes burglary of a dwelling, even though the statutory language reaches vehicles and other structures excluded by *Taylor*).

No. 12-40802

burglary, and explained that a state's statutory language must not reach places "other than buildings." *Id*. Yet the question before us is not whether Washington's offense constitutes general burglary, but whether it constitutes burglary of a dwelling. Common sense dictates that a statutory rendering of burglary of a dwelling must convey the characteristics that distinguish a dwelling from other buildings and structures. That is precisely what Washington's lawmakers have done in the statute before us, by recognizing that a dwelling need not be a traditional structure, but must be some kind of venue "used for lodging." WASH. REV. CODE ANN. § 9A.04.110(7). Consider, for example, camping tents or travel trailers. These are not buildings, but they may nevertheless be dwellings in the ordinary sense. *See Castillo-Morales*, 507 F.3d at 877 (defining a dwelling as "a structure, tent, or vessel where someone lives"); MERRIAM-WEBSTER, www.m-w.org (defining dwelling as "a shelter in which people live"). So although a certain venue may not qualify as a *Taylor*-approved building or structure, it may still serve as a residence and thus constitute a dwelling. Washington's statutory language reflects this fact.

Even assuming that the *Taylor* discussion of buildings has some relevance here, it seems that the proffered non-generic interpretation is not consistent with the natural, common-sense reading of the statute in context. As a preliminary matter, we recognize that the definitions of building and dwelling established by the Washington legislature are not listed for the purpose of a single offense or a single statutory chapter, but for the purposes of the state's *entire criminal code*. WASH. REV. CODE ANN. § 9A.04.090. Consequently, the definitions must be broad enough to allow for appropriate interpretation in context. It makes sense, then, that the general definition of building would include storage containers and fences. Consider prohibitions on arson or vandalism: clearly legislators must protect many kinds of structures from these crimes. But this broad, general-purpose definition need

4

not imply that a fence is a dwelling for the purpose of residential burglary. In fact, the modifying clause "ordinarily used for lodging" suggests that a dwelling will rarely—if ever—consist of a fenced area (or other unusual structure) alone.[2] Our review of Washington case law confirms that, when interpreting dwelling, the state's courts have focused on this limiting language, and have only affirmed convictions involving the very structures we would expect to see in an "ordinary, contemporary" statute proscribing burglary of a dwelling. *Taylor*, 495 U.S. at 599. In fact, Guerrero-Navarro points to no instance in which the statute has been interpreted in the manner proposed, as is necessary for this Court to find the offense overbroad. *Duenas-Alvarez*, 549 U.S. at 193.

Before deliberating a Residential Burglary case, Washington jurors are simply instructed that "[d]welling means any building or structure, though movable or temporary, or a portion thereof, that is used or ordinarily used by a person for lodging." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 2.08, at 50 (3d ed. 2008). There is no further definition of building, and there is no mention of the fenced areas or cargo containers that appear in the broader statutory definition. *Id*. When reviewing these cases, Washington's appellate courts have affirmed convictions involving vacant houses, vacation houses, "trailer" houses, attached garages, attached sheds, and apartment work rooms.[3] In over two

---

[2] WASH. REV. CODE ANN. § 9A.04.090. Washington case law suggests that—hypothetically speaking—the fenced area itself would have to constitute the dwelling. That is to say, burglary of a backyard or fenced curtilage does not appear to constitute Residential Burglary. *See State v. Motuliki*, 175 Wash. App. 1075 (2013) (finding evidence sufficient to sustain conviction—not because eyewitnesses saw the defendant break into a fenced backyard—but because fingerprints suggested that the defendant actually entered the house). State authorities consistently prosecute burglary of fenced areas as crimes other than Residential Burglary. *E.g.*, *State v. Runchey*, 169 Wash. App. 1024 (2012); *State v. Engel*, 210 P.3d 1007 (Wash. 2009); *State v. Wentz*, 68 P.3d 282 (Wash. 2003).

[3] *State v. Langford*, 173 Wash. App. 1029 (2013); *State v. Hall*, 163 Wash. App. 1013 (2011); *State v. Neal*, 249 P.3d 211 (Wash. Ct. App. 2011); *State v. Albrecht*, 131 Wash. App. 1024 (2006); *State v. Busev*, 131 Wash. App. 1041 (2006); *State v. Cobb*, 136 Wash. App. 1031

decades of interpretation on point, these are the most extreme interpretations of dwelling. And yet none of these is inconsistent with the "building or structure" element established by *Taylor*, to whatever extent *Taylor*'s elements are relevant here. Nor are these interpretations analogous to the examples—like vending machines and curtilage—that the Supreme Court has used in illustrating overbreadth. *James*, 550 U.S. at 212; *Taylor*, 495 U.S. at 591. Thus, there is little or no "realistic probability" that a Washington court would apply the statute to anything other than the structures permitted by both *Castillo-Morales* and *Taylor*. *See Duenas-Alvarez*, 549 U.S. at 193. As a consequence, and because the other elements are not in dispute, the offense is no broader than the generic crime of burglary of a dwelling.

We realize that a sister circuit examined the same offense and arrived at the opposite conclusion. *See generally United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003). Ten years ago, that court concluded that Washington's statutory definitions combine to create an overly inclusive depiction of dwelling. *Id.* at 972. We disagree, and have the benefit of an additional decade of jurisprudence in which Washington's courts have consistently interpreted the term such that it denotes and connotes traditional structures, and only those used for human habitation. As already explained, this interpretation renders the definition consistent with the relevant legal standards. We conclude, therefore, that Washington's Residential Burglary offense, WASH. REV. CODE ANN. § 9A.52.025, constitutes the enumerated generic crime of burglary of a dwelling, and thus that the district court correctly classified Guerrero-Navarro's prior conviction as a crime of violence for the purposes of

---

(2006); *State v. McDonald*, 96 P.3d 468 (Wash. Ct. App. 2004); *State v. Culler*, 116 Wash. App. 1024 (2003); *State v. Murbach*, 843 P.2d 551 (Wash. Ct. App. 1993).

USSG § 2L1.2(b)(1)(A).    Accordingly, we AFFIRM the interpretation and associated sentence enhancement.