# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

BIBIAN GARCIA-MONTEJO,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-142-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Bibian Garcia-Montejo pleaded guilty to violating 8 U.S.C. §§ 1326(a) and (b) for unlawfully being in the United States subsequent to deportation following an aggravated felony conviction. He appeals his sentence of 41 months of imprisonment, contending that the district court erred in concluding that his prior Florida burglary conviction warranted a 16-level enhancement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40737

under § 2L1.2 of the United States Sentencing Guidelines. We vacate and remand for resentencing.

## I

Bibian Garcia-Montejo pleaded guilty to violating 8 U.S.C. §§ 1326(a) and (b) for being unlawfully present in the United States after his deportation following an aggravated felony conviction. The Presentence Investigation Report (PSR) calculated a total offense level of 21 and a criminal history category of II. The total offense level included a 16-level enhancement under § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines based on his 2009 Florida burglary conviction. This resulted in an advisory Guidelines range of 41 to 51 months of imprisonment. Garcia-Montejo filed no objections to the recommendations in or conclusions of the PSR. The district court sentenced Garcia-Montejo to 41 months imprisonment and one year of supervised release. Garcia-Montejo now appeals his sentence contending that the district court erred by applying the 16-level crime of violence enhancement.

## II

"We review de novo whether a prior conviction constitutes a crime of violence within the meaning of the Guidelines."[1] The Guidelines define a crime of violence as (1) any offense in a list of enumerated offenses that includes "burglary of a dwelling," or (2) any other offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] The Government's only contention is that Garcia-Montejo's Florida burglary conviction qualifies as a crime of violence because it constitutes the enumerated offense of "burglary of a dwelling."

---

[1] *United States v. Sanchez*, 667 F.3d 555, 560 (5th Cir. 2012).

[2] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); *see also United States v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012).

No. 13-40737

Garcia-Montejo did not object to the crime of violence enhancement at the district court. Because he failed to object, we review his challenge for plain error. Plain error exists if "(1) there is an error, (2) the error is plain, . . . (3) the error affect[s] substantial rights," and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[3] The plainness of an error is judged from the time of appeal, not the time of trial.[4]

**III**

We employ a categorical approach in determining whether an enumerated offense qualifies as a crime of violence under § 2L1.2.[5] "[W]e examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether an offense meets the definition of a [crime of violence]."[6] However, if the statute of conviction encompasses multiple, distinct offenses, at least one of which would not qualify as a crime of violence, we apply a modified categorical approach.[7] Under the modified categorical approach, we may examine certain additional documents in the convicting court's record to determine whether a guilty plea conviction fell under a particular subsection of a divisible statute. The state court documents that we may consider include the charging documents, written plea agreement, transcript of the plea colloquy, and any explicit factual findings or conclusions of law to which the defendant assented.[8] Once we have

---

[3] *Henderson v. United States*, 133 S. Ct. 1121, 1126-27 (2013) (alterations in original) (internal quotation marks omitted); *see also United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc).

[4] *Henderson*, 133 S. Ct. at 1129.

[5] *United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007).

[6] *United States v. Ortiz-Gomez*, 562 F.3d 683, 684 (5th Cir. 2009).

[7] *United States v. Gore*, 636 F.3d 728, 732 & n.17 (5th Cir. 2011) (citing *Johnson v. United States*, 559 U.S. 133, 144-45 (2010)).

[8] *Johnson*, 559 U.S. at 144.

No. 13-40737

pared down the statute based on the information in the approved documents, we presume that the conviction "rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense."[9] To determine whether an offense qualifies as an enumerated offense we use a "common sense approach" that looks to the "ordinary, contemporary, [and] common meaning."[10] If "the state definition for an offense is broader than the generic definition, a conviction under that state's law cannot serve as a predicate for the crime of violence enhancement."[11]

Applying the plain error standard we must first determine whether there was an error. Garcia-Montejo was convicted of burglary in Florida. The criminal information to which he pleaded guilty charged that he "did knowingly enter or remain in a dwelling, the property of [the victim], with intent to commit an offense therein, and in the course of committing the burglary made an assault or battery upon [the victim], contrary to Florida Statute 810.02(1) and 2(a)." The relevant portions of the Florida burglary statute in force when he committed this offense defined burglary as follows,

1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or

2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:

---

[9] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (brackets and quotation marks omitted).

[10] *United States v. Sanchez*, 667 F.3d 555, 560-61 (5th Cir. 2012); *see also United States v. Rodriguez*, 711 F.3d 541, 556-58 (5th Cir. 2013) (en banc) (explaining our plain-meaning approach to deriving the "generic, contemporary meaning" of non-common-law-offense categories).

[11] *Sanchez*, 667 F.3d at 561 (brackets omitted).

4

     a. Surreptitiously, with the intent to commit an offense therein[.][12]

This is not the first time this court has been asked to determine whether an offense under this statute categorically qualifies as a crime of violence. In *United States v. Gomez-Guerra*,[13] we held that a conviction under § 810.02 did not qualify as the enumerated offense of burglary of a dwelling because the statute criminalized a broader range of conduct than the generic, common sense definition of burglary of a dwelling.[14] Namely, Florida law defines "dwelling" to include not just the actual building but also the curtilage surrounding the building:

> (2) "Dwelling" means a building or conveyance of any kind, . . . whether such building or conveyance is temporary or permanent, . . . which has a roof over it and is designed to be occupied by people lodging therein at night, *together with the curtilage thereof*.[15]

Because dwelling is defined to include the curtilage, and the "ordinary, contemporary, common meaning of burglary of a dwelling does not extend to the grounds around the dwelling,"[16] we held in *Gomez-Guerra* that the least culpable act that satisfied the statutory count of conviction was categorically not a crime of violence.

The Government in this case argues that *Gomez-Guerra* is not controlling because the facts show that the Garcia-Montejo did not enter curtilage, but actually entered a residence. The Government asserts that

---

[12] FLA. STAT. ANN. § 810.02 (West 2009).

[13] 485 F.3d 301 (5th Cir. 2007).

[14] *Gomez-Guerra*, 485 F.3d at 303-04.

[15] FLA. STAT. ANN. § 810.011(2) (West 2009) (emphasis added).

[16] *Gomez-Guerra*, 485 F.3d at 304.

under *United States v. Castillo-Morales*,[17] if the documents we may evaluate under the modified categorical approach demonstrate that the defendant entered the residence rather than the curtilage, then the conviction does constitute a crime of violence under the enumerated offense clause.  In *Castillo-Morales*, we again evaluated whether a conviction under the Florida burglary statute constituted a crime of violence as a "burglary of a dwelling."  We held in *Castillo-Morales* that it did, because the defendant's plea agreement stipulated to facts laid out in the charging affidavit, which specified that the defendant had in fact burglarized the inside of a residence rather than the curtilage.[18]  "We hold that when a defendant stipulates that 'a factual basis' for his plea is present in 'court documents,' courts may use any uncontradicted facts in those documents to establish an element of a prior conviction."[19]

Here, however, we do not have any "court documents containing the factual basis for the conviction."[20]  Under the modified categorical approach, when there is a guilty plea conviction, our review is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[21]  Of this limited class of documents, we have only the charging instrument and the statutory definition entered into the record before us.  Neither of these documents shed light on the precise elements of Garcia-Montejo's conviction.  The charging document is silent on whether Garcia-Montejo entered the building or merely the curtilage.  It simply uses the term

---

[17] 507 F.3d 873 (5th Cir. 2007).

[18] *Castillo-Morales*, 507 F.3d at 875-76.

[19] *Id.* at 876.

[20] *See id.* at 877.

[21] *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also Johnson v. United States*, 559 U.S. 133, 144 (2010).

"dwelling," which as discussed above, includes both.[22]  We do not have the Florida sentencing transcript.  We do not have any findings of fact by the Florida judge.  We do not have a copy of the plea agreement.  We do not have a copy of the charging affidavit.

The Government responds that the factual predicate for the conviction is discussed in the PSR.  It is true that the PSR states that, "[a]ccording to the charging affidavit . . . the defendant removed the screen and two (2) panes of glass from a window of the victim's residence.  He entered the habitation through the window and committed . . . battery upon [the victim]."  But an uncorroborated summary of a charging affidavit that contains facts to which the defendant may or may not have stipulated or pleaded guilty is not one of the approved documents that we may evaluate under the modified categorical approach.  As we have made clear before, we cannot rely on a recitation of facts in the PSR to determine whether a prior conviction constitutes a crime of violence.[23]  Even if we were satisfied that the PSR accurately portrayed the underlying facts, there is no indication that Garcia-Montejo pleaded guilty to these facts or stipulated to them, which was crucial to the incorporation of the charging affidavit in *Castillo-Morales*.[24]

The Government counters that we have previously held that in certain situations reliance on the PSR for a crime of violence determination does not

---

[22] FLA. STAT. ANN. § 810.011(2) (West 2009).

[23] *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) ("[T]he district court was not permitted to rely on the PSR's characterization of the offense in order to make its determination of whether it was a 'drug trafficking offense.'") (citing *Shepard*, 544 U.S. at 16, 19-23).

[24] *Castillo-Morales*, 507 F.3d at 876; *see also Shepard*, 544 U.S. at 20 (speaking of the need to "avoid[] subsequent evidentiary enquiries into the factual basis for [an] earlier conviction" as a reason to limit the judicial record for determining whether a conviction was a violent felony under the Armed Career Criminal Act).

rise to the level of plain error if the defendant has admitted those facts.[25]  The Government argues that Garcia-Montejo admitted the facts in the PSR by failing to file an objection to the PSR in the district court.  But failure to object to the PSR is inusufficient.[26]  Even in *United States v. Martinez-Vega*,[27] the principal case on which the Government relies, the defendant had at least admitted in open court that "everything in the [PSR] [was] correct."[28]  We have no analogous statement here.  Further, in *Martinez-Vega* the lesser included charge in the indictment was categorically a crime of violence.[29]  That is not the case here.  Rather, the least culpable conduct that would satisfy the criminal information here has been held, by this court, to categorically *not* be a crime of violence under the enumerated offense clause.[30]

Because the Government has failed to introduce into the record any trial documents that further define the term dwelling as it was used in the criminal information, we must presume that Garcia-Montejo violated the statute in the least culpable manner.[31]  This court has already held that a violation of the statute in that manner is categorically not a crime of violence under the enumerated offense clause.[32]  It does not fit the generic, contemporary definition of "burglary of a dwelling" because it encompasses burglary of the

---

[25] *See United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006); *United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006).

[26] *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006) (holding that it was clear and obvious error for the district court to rely only on the PSR to make its crime of violence determination).

[27] 471 F.3d 559 (5th Cir. 2006).

[28] *Martinez-Vega*, 471 F.3d at 563 (second alteration in original).

[29] *Id.*; *see also id.* at 564 (Owen, J., concurring) ("The lesser charge in the indictment stated that Martinez-Vega [committed sexual assault of a minor].").

[30] *United States v. Gomez-Guerra*, 485 F.3d 301, 303-04 (5th Cir. 2007).

[31] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

[32] *Gomez-Guerra*, 485 F.3d at 303-04.

curtilage rather than only the burglary of an actual dwelling. Therefore, the district court clearly erred when it applied the 16-level crime of violence enhancement. This clear error satisfies the first two prongs of the plain error standard of review.[33]

We also conclude that the error affected the defendant's substantial rights. "When the rights acquired by the defendant relate to sentencing, the 'outcome' he must show to have been affected is his sentence."[34] A sentencing error affects a defendant's substantial rights if he can show "a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence."[35] The erroneous application of the Guidelines resulted in a 16-level enhancement for Garcia-Montejo. With the enhancement his Guidelines range was 41-51 months of imprisonment. Without the enhancement, he faced a Guidelines range of 0-6 months of imprisonment. This is a significant disparity. The two ranges do not overlap. This is sufficient to establish that Garcia-Montejo's substantial rights were violated.[36]

The fourth prong of the plain error test is whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[37] This is a discretionary test. In previous decisions we have determined that if

---

[33] *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (laying out the four-prong test for plain error).

[34] *United States v. John*, 597 F.3d 263, 284 (5th Cir. 2010) (citing *Puckett*, 556 U.S. at 142 n.4).

[35] *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008) (citing *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005)).

[36] *See, e.g.*, *John*, 597 F.3d at 285 (concluding that an error that would have reduced the advisory Guidelines range from 97-121 months to 70-87 months affected the defendant's substantial rights); *see also Gonzalez-Terrazas*, 529 F.3d at 298-99.

[37] *Puckett*, 556 U.S. at 135.

the district court's error clearly and substantially affects a defendant's sentence, then that error substantially affects the fairness, integrity, and public reputation of the judicial proceedings.[38]   In the present case, the sentence imposed was significantly outside of the applicable Guidelines range had the 16-level enhancement not been applied.  Under these circumstances, we exercise our discretion and we determine that the error was substantial enough to seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

We vacate the sentence of the district court and remand the case for resentencing. We express no opinion on whether the district court should permit the Government to supplement the record on remand with documents that would conclusively establish that Garcia-Montejo's count of conviction was for burglary of a residence rather than of the curtilage.

*     *     *

VACATED and REMANDED.

---

[38] *E.g.*, *John*, 597 F.3d at 286-87; *United States v. Price*, 516 F.3d 285, 289-90 (5th Cir. 2008).