# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 5, 2010

No. 09-40882

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN FLORES-GALLO,
also known as Fabian Flores-Gallos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-527-1

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fabian Flores-Gallo appeals the district court's application of a sixteen-level "crime of violence" enhancement pursuant to § 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines. Flores-Gallo pleaded guilty to being unlawfully present in the United States following deportation. The Presentence Report recommended a sixteen-level "crime of violence" enhancement based on Flores-Gallo's two prior convictions in Kansas for aggravated battery. Over Flores-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40882

Gallo's objections, the district court found that the Kansas aggravated battery offense was a "crime of violence" for sentencing purposes and imposed the enhancement.  For the following reasons, we AFFIRM.

We review the district court's characterization of a prior offense as a crime of violence *de novo*.  *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006). "Guideline commentary is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines." *United States v. Velasco*, 465 F.3d 633, 637 (5th Cir. 2006).

Section 2L1.2 of Sentencing Guidelines calls for a sixteen-level increase to the base offense level if the defendant was previously deported after a conviction for a "crime of violence."    U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2009).  The commentary to § 2L1.2 defines a "crime of violence" as

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

§ 2L1.2 cmt. n.1(B)(iii).    Thus, for one of Flores-Gallo's convictions to be considered a "crime of violence" for sentencing purposes,  it must be an offense which either belongs to the list of enumerated offenses, or has as an element the use, attempted use, or threatened use of force.  *Velasco*, 465 F.3d at 637. Because we find that the section of the Kansas statute to which Flores-Gallo pleaded guilty has as an element of the threatened use of force, we need not reach whether it fits within the enumerated offenses.

This court employs a categorical approach to the question of whether a prior offense is a "crime of violence" because it has as an element the use of force. *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990); *United*

No. 09-40882

*States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). "Under the categorical approach set forth in [*Taylor*], a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes." *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). Where, as here, a statute is disjunctive, the court may look to conclusive records made or used in adjudicating guilt to determine which part of the statute applies to the defendant. *Id.* at 274. Generally, these records include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial court judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005).

Although initially charged under § 21-3414(a)(1)(A) of the Kansas aggravated battery statute, Flores-Gallo pleaded guilty on two separate occasions to violating subsection (1)(B) of the statute. The statute provides in relevant part:

(a) Aggravated battery is:

> (1)(A) Intentionally causing great bodily harm to another person or disfigurement of another person; or

> (B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or

> (C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.

KAN. STAT. ANN. § 21-3414. Subsection (1)(B) prohibits two types of conduct. The first type prohibits "intentionally causing bodily harm to another person with a deadly weapon." § 21-3414(a)(1)(B). Alternatively, the second type prohibits "intentionally causing bodily harm to another person . . . in any

3

manner whereby great bodily harm, disfigurement or death can be inflicted." *Id.* None of the "conclusive records" to which a court may refer indicates to which part of (1)(B) Flores-Gallo pleaded guilty. Therefore, we assume for this inquiry that "his conduct constituted the least culpable act satisfying the count of conviction." *United States v. Houston*, 364 F.3d 243, 247 (5th Cir. 2004).

Accordingly, we examine whether the second type of prohibited conduct could be prosecuted without proof of the "use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 n.1(B)(iii); *see also United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc) (internal quotation marks omitted) ("[I]n order for § 2L1.2 to apply, the intentional use of force must be a constituent part of a claim that must be proved for the claim to succeed."). The elements of the second type of conduct prohibited by subsection (1)(B) of the Kansas statute are: (1) intentionally (2) causing bodily harm (3) to another person (4) in any manner whereby great bodily harm, disfigurement or death can be inflicted. KAN. STAT. ANN. § 21-3414(a)(1)(B). Kansas courts have defined "bodily harm" and "great bodily harm" as follows:

> Bodily harm has been defined as any touching of the victim against the victim's will, with physical force, in an intentional hostile and aggravated manner. The word "great" distinguishes the bodily harm necessary in the offense of aggravated battery from slight, trivial, minor or moderate harm, and as such it does not include mere bruises, which are likely to be sustained in simple battery.

*State v. Livingston*, 35 P.3d 918, 922 (Kan. 2001) (internal citation, brackets, and quotation marks omitted).

The Government argues that since Kansas common law defines "bodily harm" as touching with "physical force," the statute by definition has as an element the use of "physical force." Flores-Gallo counters that this court should look to federal law—not common law—for the definition of "physical force" and cites the Supreme Court's recent opinion in *Johnson v. United States* for the

4

proposition that "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." 130 S. Ct. 1265, 1271 (2010) (emphasis omitted). He posits that the Kansas statute can be violated without the use of such force, such as by locking someone in the car on a hot day or giving them the wrong medicine. We agree with Flores-Gallo that "physical force" in the context of defining a "crime of violence" for the purposes of construing the Sentencing Guidelines requires "force capable of causing physical pain or injury to another person." However, we agree with the Government that subsection (1)(B) of the Kansas aggravated battery statue requires as a constituent element at least the threatened use of "physical force" that is sufficient for a "crime of violence."

First, contrary to the implicit suggestion of Flores-Gallo, the element of "bodily harm" as used in (1)(B) embodies more than mere offensive touching. Under the common law definition of "physical force" for the crime of battery, the offense requires that the defendant touch the victim. *Johnson*, 130 S. Ct. at 1270 (citing 2 W. LAFAVE & A. SCOTT, SUBSTANTIVE CRIMINAL LAW § 7.15(a), p. 301 (1986 and Supp. 2003); BLACK'S LAW DICTIONARY 173 (9th ed. 2009); 3 W. BLACKSTONE, COMMENTARIES *120). It is clear from the statute as a whole that mere touching alone is not sufficient to sustain a violation of (1)(B), because that conduct is expressly prohibited by (1)(C). KAN. STAT. ANN. § 21-3414(a)(1)(C) (reaching conduct that "intentionally caus[es] physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted"). If we were to read (1)(B) as covering mere touching, we would render (1)(C) superfluous, violating the "'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so constructed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 449 (2001)

(citation omitted).  Therefore, the physical force and resulting bodily harm as contemplated by subsection (1)(B) must be more than the mere physical contact covered by (1)(C).

The Kansas common law definition of "bodily harm" requires that the contact be "in an intentional hostile and aggravated manner." *Livingston*, 35 P.3d at 922.  Hostile is defined as "1. Adverse. 2. Showing ill will or a desire to harm. 3. Antagonistic; unfriendly." BLACK'S LAW DICTIONARY 806 (9th ed. 2009).  And, aggravated means "made worse or more serious by circumstances such as violence, the presence of a deadly weapon, or the intent to commit another crime." *Id.* at 75.  Therefore, subsection (1)(B) requires hostile or aggravated, intentional, physical contact that is more than mere touching.  Conduct such as that posited by the defendant—locking someone in a car on a hot day, or deliberately giving someone the wrong medicine—is not covered by (1)(B).

But, the "bodily harm" is only half of the picture.  The statute requires that the harm must be conducted in a "manner whereby great bodily harm, disfigurement or death can be inflicted."  § 21-3414(a)(1)(B).  So, in order to be convicted under the statute the defendant must with ill will or hostility intentionally use force that is more than mere touching and has the capability of causing significant injury.  The defendant argues that this court has found that the mere risk of serious harm is not, by itself, sufficient to constitute use of physical force.  *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 466 (5th Cir. 2006).  Additionally, he cites case law that "bodily harm" alone will not meet the definition of physical force required by § 2L1.2.  *Vargas-Duran*, 356 F.3d at 606 ("[T]he fact that the statute requires that serious bodily injury result from [the conduct] does not mean that the statute requires that the defendant have used the force that caused the injury.").  However, we read the "bodily harm" part of this statute as part of the whole, because statutes are not construed in a

vacuum. *Leocal v. Ashcroft*, 543 U.S. 1, 125 S. Ct. 377, 382 (2004) ("[W]e construe language in its context and in light of the terms surrounding it.").

Here the hostile intent and force used in conjunction with the risk of significant injury creates an offense which has as an element at least the threatened use of force that is capable of causing physical pain or injury to another person as contemplated by *Johnson*. *Cf. Larin-Ulloa*, 462 F.3d at 466 (distinguishing offenses requiring that defendant intend to injure or that "the physical contact itself be violent, harmful, offensive, or even non-consensual" when determining that subsection (1)(C) did not constitute a use of physical force); *United States v. Treto-Martinez*, 421 F.3d 1156, 1160 (10th Cir. 2005) (finding that subsection (1)(C) constituted a threatened use of force because "[n]o matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the 'threatened use of physical force'"). The hostile elevated level of contact plus the use of an instrumentality that is capable of significant injury is inherently threatening. And, the statute is clear that the possible or threatened conduct involves great bodily harm. Accordingly, we find that § 21-3414(a)(1)(B) of the Kansas aggravated battery statute has as an element at least the threatened use of physical force. Therefore, the application of the sixteen-level enhancement under § 2L1.2(b)(1)(A)(ii) for a prior conviction for a "crime of violence" was proper.

AFFIRMED.