# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2012

No. 10-51129

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS MIRANDA-ORTEGON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

REAVLEY, Circuit Judge:

Jose Miranda Ortegon challenges the sentence imposed on him after pleading guilty to illegally reentering the United States after deportation. He contends the district court erred when calculating his offense level under the United States Sentencing Guidelines, in particular by applying a sixteen-level adjustment on the basis of an Oklahoma conviction for domestic assault and battery, which the district court concluded was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We agree with Ortegon, and we VACATE his sentence and REMAND the case for re-sentencing.

No. 10-51129

## I.  BACKGROUND

Ortegon pleaded guilty, without a plea agreement, to one count of illegal reentry, in violation of 8 U.S.C. § 1326.  Guidelines § 2L1.2(b)(1)(A)(ii) increases the offense level for a § 1326 violation by sixteen if the defendant was previously deported after being convicted of a crime of violence.[1]  Prior to his deportation, Ortegon was convicted in Oklahoma after pleading guilty to two counts of "assault and battery–domestic abuse," in violation of OKLA STAT. tit. 21, § 644C. Section 644C states that "[a]ny person who commits an assault and battery against a current or former spouse . . . [or] a child . . . shall be guilty of domestic abuse."[2]

After Ortegon pleaded in the instant case, the probation officer calculated his offense level under the Guidelines at twenty-one, including a sixteen-level crime-of-violence increase based on the 644C conviction.  Ortegon objected to categorizing a 644C offense as a crime of violence, arguing instead for the four-level increase for a felony conviction provided by  § 2L1.2(b)(1)(D).  The probation officer declined to change the calculation in the pre-sentence report. The probation officer supplemented the report with documents from the Oklahoma conviction, including the charging instrument and findings of fact memorializing Ortegon's admission to the charging instrument's allegations. Those allegations relate that Ortegon pulled his spouse into a bedroom by her hair and wrists, pushed her onto a bed, and struck her with an open hand, and that Ortegon strangled and punched the other victim, his son. Ortegon renewed his objection at sentencing.  He argued that an offense under section 644C does

---

[1]  U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[2]  OKLA. STAT. tit. 21, § 644C (West, 2004).  We use the version of section 644 current when Ortegon was charged on June 25, 2005.

not require the use of physical force because it can be committed with the slightest unconsensual touching, and that this court's precedents preclude relying on the specific conduct underlying a conviction to determine whether his offense was a crime of violence under § 2L1.2(b)(1)(A)(ii). The district court agreed that a 644C "offense can be committed a number of different ways," but nevertheless applied the crime-of-violence adjustment because Ortegon had admitted to the physically injurious violence alleged in the charging instrument.

An offense level of twenty-one yielded a guideline range of between forty-one and fifty-one months. The district court imposed a forty-one month sentence, and Ortegon timely appealed. His only contention on appeal is that an offense under 644C should not be categorized as a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii). He urges us to vacate his sentence and remand the case for re-sentencing. We do so because precedent requires us to distinguish between the actual conduct of the defendant and the crime for which he was convicted. He did use violence against his wife and son, but the crime for which he was convicted does not embrace that violence.

## II. DISCUSSION

We review the district court's interpretation of the sentencing guidelines de novo. *United States v. Calderon-Pena*.[3] Under the applicable portion of the definition supplied in § 2L.1.2's commentary, a crime of violence is "any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of

---

[3] 383 F.3d 254, 256 (5th Cir. 2004) (en banc).

No. 10-51129

another."[4] The physical force must be "capable of causing physical pain or injury to another person." *United States v. Flores-Gallo*.[5] We must therefore determine whether a violation of section 644C has as an element the attempted, threatened, or actual use of physical force capable of causing physical pain or injury. Our precedents mandate a categorical inquiry that "looks to the *elements* of the crime, not to the defendant's actual conduct in committing it." *Calderon-Pena*.[6] We may take a modified categorical approach, permitting consultation of the allegations in the charging instrument, if the statute of conviction has disjunctive elements.[7] But we may look beyond the elements and the fact of conviction only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated. *United States v. Acuna-Cuadros*.[8]

The elements of a 644C offense include the use of "force or violence."[9] But the Oklahoma Court of Criminal Appeals has held that "only the slightest touching is necessary to constitute the 'force or violence' element of battery." *Steele v. State*.[10] Moreover, the definition of "force" in that court's uniform jury instructions for assault and battery offenses states: "Any touching of a person

---

[4] U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii). The definition also encompasses several enumerated crimes. *Id.* The parties agree that the enumerated crimes do not include the offense at issue here.

[5] 625 F.3d 819, 823 (5th Cir. 2010) (internal quotation marks and citation omitted).

[6] 383 F.3d at 257.

[7] *Id.* at 258.

[8] 385 F.3d 875, 879 (5th Cir. 2004); *Calderon-Pena*, 383 F.3d at 258.

[9] OKLA. STAT. tit. 21, § 642 (West, 2004); Okla. Jury Inst. 4-26A.

[10] 778 P.2d 929, 931 (Okla. Crim. App. 1989).

No. 10-51129

regardless of how slight may be sufficient to constitute force."[11]  The Tenth Circuit has held that an Oklahoma assault and battery offense "reaches behavior that does not have as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." *United States v. Smith*.[12]  It may be that most 644C prosecutions arise from offensive touching that threatens or inflicts bodily injury.  But under the categorical inquiry our precedents require, a 644C offense is not a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  *Cf. Johnson v. United States*.[13]

Ortegon's guideline range would have been considerably lower if the district court had not applied the sixteen-level crime-of-violence adjustment. Applying the adjustment for an aggravated felony (eight levels) or for a felony (four levels) would yield a guideline range with an upper limit that is considerably lower than forty-one months.[14]  And there is no indication that the

---

[11]  Okla. Jury Inst. 4-28.

[12]  652 F.3d 1244, 1247 (10th Cir. 2011) (citations and internal punctuation omitted). The Tenth Circuit found that an Oklahoma assault-and-battery offense did not fall within the first prong of the Armed Career Criminal Act ("ACCA")'s "violent felony" definition, which reads: "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *Smith*, 652 F.3d at 1246.  The Tenth Circuit ultimately concluded that Oklahoma's offense of assault and battery against an employee of that state's juvenile affairs office fell within the ACCA definition's residual clause. 18 U.S.C. § 924(e)(2)(B)(ii) (taking in offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another"); *Smith*, 652 F.3d at 1247-48.  The commentary to U.S.S.G. § 2L1.2(b)(1)(A)(ii) includes no equivalent residual clause.

[13]  ____ U.S. ____, 130 S. Ct. 1265, 1269-71, (2010) (holding that Florida felony battery conviction was not a "violent felony" under 18 U.S.C. § 924(e)(1)(2)(B)(i), because the offense's elements are "satisfied by any physical contact, no matter how slight" (quotation marks and internal citation omitted)).

[14]  *See* U.S.S.G. §§ 2L1.2(b)(1)(C), 2L1.2(b)(1)(D); U.S.S.G. Ch. 5 pt. A (sentencing table).

No. 10-51129

district court would impose the same sentence regardless of the guideline range. *See United States v. Ibarra-Luna.*[15]

### III. CONCLUSION

We VACATE Ortegon's sentence and REMAND the case to the district court for re-sentencing.

---

[15] 628 F.3d 712, 719 (5th Cir. 2010).