DENNIS, Circuit Judge:
Iveth Najera-Mendoza pleaded guilty to one count of attempted illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326, and one count of false personation, in violation of 18 U.S.C. § 1546(a), and was sentenced to concurrent terms of 46 months of incarceration. She now appeals her sentence, contending that the district court erred in applying a sixteen-level sentencing enhancement based on its conclusion that her prior Oklahoma kidnapping conviction was a “crime of violence” under § 2L1.2(b)(l)(A)(ii) of the United States Sentencing Guidelines.[1] We conclude that the district court erred because the Oklahoma offense does not constitute any of the enumerated offenses that are crimes of violence; nor does it have an element of “physical force,” as that term was defined in Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), to mean “force capable of causing physical pain or injury to another person,” id. at 1271. Thus, we VACATE Najera-Mendoza’s sentence and REMAND to the district court for resentencing.
*629 I.
A.
“We review the district court’s characterization of a prior offense as a crime of violence de novo.” United States v. Flores-Gallo, 625 F.3d 819, 821 (5th Cir.2010) (per curiam) (citing United States v. Sanchez-Ruedas, 452 F.3d 409, 412 (5th Cir.2006)). We give controlling weight to the Sentencing Guidelines commentary unless it is plainly erroneous or inconsistent with the Guidelines. Id. (citing United States v. Velasco, 465 F.3d 633, 637 (5th Cir.2006)).
Section 2L1.2 of the Sentencing Guidelines prescribes a sixteen-level increase to the defendant’s base offense level if the defendant was previously deported after a conviction for a “crime of violence.” U.S.S.G. § 2L1.2(b)(1 )(A)(ii); see United States v. Miranda-Ortegon, 670 F.3d 661, 662 (5th Cir.2012). “The Guidelines commentary defines a crime of violence as (1) any of a list of enumerated offenses, which include ‘kidnapping,’ or (2) ‘any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.’ ” United States v. Cervantes-Bianco, 504 F.3d 576, 578 (5th Cir.2007) (quoting U.S.S.G. § 2L1.2 cmt. n. l(B)(iii)). Thus, for Najera-Mendoza’s Oklahoma kidnapping offense to be a “crime of violence” under § 2L1.2, “it must be an offense which either belongs to the list of enumerated offenses, or has as an element the use, attempted use, or threatened use” of physical force. Flores-Gallo, 625 F.3d at 821.
In analyzing whether a prior offense qualifies as a crime of violence, this court applies a “categorical inquiry” that “ ‘looks to the elements of the crime, not to the defendant’s actual conduct in committing it.’ ” Miranda-Ortegon, 670 F.3d at 663 (emphasis in original) (quoting United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir.2004) (en banc)). “[I]f the statute of conviction contains a series of disjunctive elements, this court may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction.” United States v. Moreno-Florean, 542 F.3d 445, 449 (5th Cir.2008); see also Miranda-Ortegon, 670 F.3d at 663 (“We may take a modified categorical approach, permitting consultation of the allegations in the charging instrument, if the statute of conviction has disjunctive elements. But we may look beyond the elements and the fact of conviction only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated.” (footnote omitted)). The records we will consider “are generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented.” Moreno-Florean, 542 F.3d at 449 (internal quotation marks omitted).
The parties in this case agree that Najera-Mendoza was convicted of violating title 21, section 741 of the Oklahoma Statutes. That section provides:
Any person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, with intent, either:
First. To cause such other person to be confined or imprisoned in this state against the will of the other person; or Second. To cause such other person to be sent out of this state against the will of the other person; or
Third. To cause such person to be sold as a slave, or in any way held to service against the will of such person ....
21 Okla. Stat. § 741. Since the statute has disjunctive elements, we may look to the *630 charging document “only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated.” Miranda-Ortegon, 670 F.3d at 663. Najera-Mendoza acknowledges that she pleaded guilty to an amended information which charged her with “forcibly seizing [the victim] ... and confining [him] in a residence ... without lawful authority and with the intent to cause [him] to be confined/imprisoned against his will.” In Oklahoma, “[a] plea of guilty admits the facts pleaded in the Information.” Collins v. Oklahoma, 521 P.2d 826, 828 (Okla.Crim.App.1974). Thus, the elements of Najera-Mendoza’s prior Oklahoma kidnapping offense are: “[Without lawful authority, forcibly seizes and confínes another ... with intent ... [t]o cause such other person to be confined or imprisoned against the will of the other person.” 21 Okla. Stat. § 741.
We now turn to consider whether this offense meets the definition of “crime of violence” under § 2L1.2 of the Guidelines by constituting the enumerated offense of “kidnapping,” or by having as an element the use, attempted use, or threatened use of “physical force.”
B.
We first agree with Najera-Mendoza that her Oklahoma kidnapping offense does not constitute the enumerated offense of “kidnapping.” In determining whether a prior state offense is one of the enumerated offenses, “[s]tate-law labels do not control this inquiry because the [crime of violence] enhancement incorporates crimes with certain elements, not crimes that happen to be labeled ‘kidnapping’ ... under state law.” Moreno-Florean, 542 F.3d at 449 (second alteration in original) (internal quotation marks omitted). Instead, we look to whether the elements of the offense of conviction satisfy the “generic, contemporary meaning of kidnapping.” Id. (internal quotation marks omitted).
In Moreno-Florean, this court held that the California offense of kidnapping— which is substantially similar to the Oklahoma kidnapping offense at issue here— did not meet the generic, contemporary definition of kidnapping. Id. at 456.[2] The panel held that the California offense was not the enumerated offense of “kidnapping” because, even though the California offense required force or the threat of force, it could be violated without proof of two elements that are part of the generic, contemporary definition of kidnapping: (1) substantial interference with the victim’s liberty, and (2) circumstances exposing the victim to substantial risk of bodily injury or confinement as a condition of involuntary servitude. Id. at 452-56. Similarly, the Oklahoma kidnapping offense at issue here could be violated without proof of these two elements; and thus, it does not meet the generic, contemporary definition of kidnapping. See id. at 456. Accordingly, we conclude that Najera-Mendoza’s Oklahoma kidnapping offense is not the enumerated offense of kidnapping under U.S.S.G. § 2L1.2.
*631 c.
We also agree with Najera-Mendoza that her Oklahoma kidnapping offense did not have as an element the use, attempted use, or threatened use of “physical force.” In Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), the Supreme Court held that “the phrase ‘physical force’ means violent force — that is, force capable of causing physical pain or injury to another person.” 130 S.Ct. at 1271 (emphasis in original). Because the Florida battery offense at issue in Johnson included an element of force that could be “satisfied by any intentional physical contact, no matter how slight,” the Court held that it lacked an element of “physical force.” Id. at 1269-71 (emphasis and internal quotation marks omitted).[3]
Recently, in United States v. Miranda-Ortegon, 670 F.3d 661 (5th Cir.2012), another panel of this court applied the Johnson definition of “physical force” to hold that an Oklahoma assault and battery offense was not a crime of violence because it lacked the necessary element of physical force. Id. at 663 (quoting Flores-Gallo, 625 F.3d at 823, in turn quoting Johnson, 130 S.Ct. at 1271). The court explained that even though the Oklahoma assault and battery statute has an element of “force or violence,” that element could be satisfied by “only the slightest touching.” Id. (internal quotation marks omitted). Thus, the offense was not a crime of violence merely because it included as an element the word “force.” Instead, the determinative issue was whether the amount of force necessary to satisfy that element of the crime could only be satisfied by “force capable of causing physical pain or injury to another person.” Id.
Following Johnson and Mirandar-Ortegon in the instant case leads us to conclude that Najera-Mendoza’s Oklahoma kidnapping conviction lacks the requisite element of physical force. The pertinent “force” element of Najera-Mendoza’s Oklahoma kidnapping conviction is, “forcibly seizes and confines another,” 21 Okla. Stat. § 741. Although Oklahoma does not define “forcibly” by statute, and no Oklahoma case that we are aware of defines this term within the context of the state’s kidnapping statute, the common law definition of kidnapping, caselaw interpreting other states’ kidnapping statutes, and Oklahoma’s interpretation of “force” in other penal laws indicate that “forcibly” can be satisfied by conduct other than the type of force stated in Johnson.
Under the common law, the commission of kidnapping had to be “forcible,” but did not require force capable of causing physical pain or injury; and in Oklahoma, as elsewhere, it is the rule that “in construing a statute containing words which have a fixed meaning at common law, and the statute nowhere defines such words, that they will be given the same meaning they have at common law.” Axhelm v. United States, 9 Okla. 321, 60 P. 98, 99 (1900); see also Johnson, 130 S.Ct. at 1270 (“[A] common-law term of art should be given its established common-law meaning.”). The universally accepted definition of the common-law offense of kidnapping is: “The forcible abduction or stealing away of [a person] from [his] own *632 country, and selling [him] into another.”[4] In discussing this definition, commentators have explained that such an offense could be “forcible” without involving actual physical force, much less force capable of causing physical pain or injury.[5] Similarly, the commission of other common law crimes, such as burglary, could be considered “forcible” without involving any physical contact or violence.[6] Therefore, the common-law meaning of “forcible” supports the conclusion that the element of “forcibly” in Oklahoma’s modern kidnapping statute encompasses lesser degrees of force than that capable of causing physical pain or injury.
Moreover, Oklahoma courts routinely look to other state laws and judicial interpretations when construing its own statutes, see, e.g., Perry v. State, 853 P.2d 198, 201 (Okla.Crim.App.1993); Steele v. State, 778 P.2d 929, 931 (Okla.Crim.App.1989); and courts in other states have interpreted “forcibly” or “force” in their own states’ kidnapping statutes to not require actual physical contact, or only the most minimal force. For instance, California’s kidnapping statute uses the term “forcibly” just as Oklahoma’s does, see Cal.Penal Code § 207; and the California Supreme Court has held that a kidnapping is forcible if accomplished through inducing fear, i.e., “the force used against the victim need not be physical.” People v. Majors, 33 Cal.4th 321, 14 Cal.Rptr.3d 870, 92 P.3d 360, 363 (2004) (internal quotation marks omitted); see also People v. Hovarter, 44 Cal.4th 983, 81 Cal.Rptr.3d 299, 189 P.3d 300, 326 (2008) (“The movement is forcible where it is accomplished through the giving of orders which the victim feels compelled to obey because he or she fears harm or injury from the accused and such apprehension is not unreasonable under the circumstances.” (internal quotation marks omitted)). The same is true of kidnapping statutes in Kansas,[7] Massachusetts,[8] and New Mexico.[9] On the other *633 hand, we are unaware of a judicial interpretation of “force” or “forcibly” in a definition of kidnapping that includes only force capable of causing physical pain or injury. Thus, the interpretations of other kidnapping statutes lends further support to our conclusion that minimal force or no actual physical force is required to satisfy the “forcibly” element of kidnapping in Oklahoma.
Finally, Oklahoma defines the term “force” in its other penal laws to encompass any slight touching.[10] Thus, the term “force” in other crime definitions in Oklahoma includes degrees of force less than that capable of causing physical pain or injury to another person. See Miranda-Ortegon, 670 F.3d at 663; United States v. Smith, 652 F.3d 1244, 1247 (10th Cir.2011); United States v. Cruz, No. 11-4212, 2012 WL 836135, at*4 (4th Cir. Mar. 14, 2012) (unpublished). It comports, therefore, with Oklahoma statutory and decisional law to apply this same definition of “force” to the term “forcibly” in the state’s kidnapping statute. See Steele, 778 P.2d at 931 (Defining the element of “force” in battery by looking to the definition of “force” in other Oklahoma penal laws: “Adoption of the general rule that only the slightest force or touching is necessary to constitute the requisite element of force is consistent with ... other statutory provisions regarding the definition of force.”); see also 25 Okla. Stat. § 2 (“Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears.”). Thus, interpreting the “forcibly” element of the Oklahoma offense of kidnapping to encompass any amount of force — not just force capable of causing physical pain or injury — is consistent with Oklahoma law.
D.
In sum, the elements of Najera-Mendoza’s Oklahoma kidnapping conviction do not satisfy the generic, contemporary meaning of kidnapping; and there is strong legal authority that a defendant may “forcibly” kidnap another person under Oklahoma law without using “physical *634 force” as defined by Johnson, i.e., “force capable of causing physical pain or injury to another person.” 130 S.Ct. at 1271; see also Flores-Gallo, 625 F.3d at 822. Thus, Najera-Mendoza’s Oklahoma kidnapping conviction does not satisfy either definition of “crime of violence” under U.S.S.G. § 2L1.2. In determining whether a prior offense is a crime of violence, we must apply a categorical approach, which permits us to look only at the statutory elements of the offense, and not at the defendant’s underlying conduct. Moreno-Florean, 542 F.3d at 449. Therefore, we conclude that this prior offense was not a crime of violence, and that the district court erred in enhancing NajeraMendoza’s sentence as if it were.
II.
The dissent relies on the Sixth Circuit’s decision in United States v. Soto-Sanchez, 623 F.3d 317 (6th Cir.2010), to conclude that Najera-Mendoza’s Oklahoma kidnapping offense includes an element of “physical force” because it required “forcible seizure and confinement.” Dissent Op. at 637-38. However, that opinion is unpersuasive because it fails to follow Johnson. In Soto-Sanchez, the Sixth Circuit held that because the Michigan “false imprisonment kidnapping offense ... requires that the victim be imprisoned or confined ‘forcibly[,]’ [b]y its clear terms, then, it ‘has as an element the use, attempted use, or threatened use of physical force against the person of another.’ ” 623 F.3d at 325. That is the exact analysis though that the Supreme Court rejected in Johnson; instead, the Court held that to have an element of “physical force,” the state-law offense must include an element that requires “force capable of causing physical pain or injury to another person.” 130 S.Ct. at 1271. The Sixth Circuit did not cite or apply Johnson in its perfunctory analysis that the Michigan offense included an element of physical force.[11] By contrast, our court in Mira'nda-Ortegon applied the proper analysis, dictated by Johnson, and held that the inclusion of an element labeled “force” did not render the Oklahoma statute at issue there a crime of violence. 670 F.3d at 663-64. We are bound by this precedent of the Supreme Court in Johnson and our court in Mirandar-Ortegon, not the erroneous analysis of the Sixth Circuit.
The dissent also reasons that NajeraMendoza’s Oklahoma kidnapping offense must encompass only physical force of the type specified in Johnson because “Oklahoma separately criminalizes kidnapping, yet without a forcible seizure and confinement requirement, if the kidnapping occurs through inveigling.” Dissent Op. at 638. Thus, in the dissent’s view, the Oklahoma kidnapping statute encompasses only two kinds of conduct: kidnapping committed by inveiglement and kidnapping committed by violent force, viz., force capable of causing physical pain or injury. But this overlooks the Supreme Court’s explanation that there are types of force other than violent force. Johnson, 130 S.Ct. at 1270 (recognizing that the element of “force” in the common-law crime of battery could “be satisfied by even the slightest offensive touching”); see also supra notes 5-9 (citing cases recognizing that an element of “force” in the offense of kidnapping could be satisfied by minimal force). The dissent’s interpretation of the Oklahoma statute would therefore lead to absurd results by creating a lacuna between kidnapping by inveiglement and kidnapping by violent force, viz., force capable of *635 causing physical pain or injury. Thus, for example, following the dissent’s view, child snatching would not constitute kidnapping in Oklahoma because picking up a child from her stroller or carrying a child away from a nursery does not require force capable of causing physical pain or injury, nor does it involve inveigling. It is unsurprising that other courts have rejected such a narrow construction of state kidnapping statutes. See, e.g., State v. Clark, 80 N.M. 340, 455 P.2d 844, 846 (1969) (“[We are not] persuaded that ‘force’ should be construed to mean violent or deadly force, as might be suggested. It could not have been the legislative intention to so limit the statute, for, many kidnappings are accomplished by the use of only minimal force, as, for example, where a child is abducted.”); see also supra notes 6-8. The maxim that “[a]bsurd results are to be avoided,” e.g., McNeill v. United States, — U.S. -, 131 S.Ct. 2218, 2223, 180 L.Ed.2d 35 (2011) (internal quotation marks omitted), requires us to reject the dissent’s view of Oklahoma’s kidnapping statute.
III.
For the foregoing reasons, we VACATE Najera-Mendoza’s sentence and REMAND to the district court for resentencing.

. Najera-Mendoza also contends that under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), 8 U.S.C. § 1324(b) unconstitutionally treats prior felony convictions as sentencing factors rather than elements of the offense. However, she acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and she raises the issue to preserve it for future Supreme Court review.

. Compare the elements of the California kidnapping offense in Moreno-Florean, 542 F.3d at 454 (" ‘Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping.' " (quoting Cal.Penal Code § 207(a))), with the elements of Najera-Mendoza’s Oklahoma kidnapping conviction, supra at 4 ("Any person who without lawful authority forcibly seizes and confines another ... with intent ... [t]o cause such other person to be confined or imprisoned against the will of the other person ....” (quoting 21 Okla. Stat. § 741)).

. Although Johnson addressed the definition of "violent felony” under the Armed Career Criminal Act, 18 U.S.C. § 924(e), that term has the same definition as "crime of violence” in U.S.S.G. § 2L1.2. Accordingly, in United States v. Flores-Gallo, 625 F.3d 819 (5th Cir.2010), this court adopted the Johnson definition of "physical force” for that same term in the definition of "crime of violence.” Id. at 822-23 (" '[PJhysical force' in the context of defining a ‘crime of violence’ for the purposes of construing the Sentencing Guidelines requires 'force capable of causing physical pain or injury to another person.' ” (quoting Johnson, 130 S.Ct. at 1271)).

. 4 Wm. Blackstone, Commentaries on the Laws of England 219 (1769); see also 2 Joel Prentiss Bishop, Commentaries on the Criminal Law § 750, at 427 (7th ed. 1882); Collier v. Vaccaro, 51 F.2d 17, 19 (4th Cir.1931).

. See Bishop, supra, §§ 748-52, at 426-28 (‘‘[K]idnapping is a false imprisonment ... aggravated by carrying of the person imprisoned to some other place,” and "there need be no manual touch ... in false imprisonment.” (internal quotation marks omitted)); 2 Charles E. Torcia, Wharton's Criminal Law §§ 206-07 (15th ed. 1994) (same); cf. Moody v. People, 20 Ill. 315, 318-19 (1858) ("The statute defines kidnapping to be the forcible abduction or stealing away of a man, woman or child from his or her own country, and sending or taking him or her into another. While the letter of the statute requires the employment of force to complete this crime, it will undoubtedly be admitted by all that physical force and violence are not necessary to its completion .... The crime is more frequently committed by threats and menaces than by the employment of actual physical force and violence. If the crime may be committed without actual violence, by menaces, it would seem that any threats, fraud, or appeal to the fears of the individual, which subject the will of the person abducted, and places such person as fully under the control of the other, as if actual force were employed, would make the offense as complete as by the use of force and violence.”).

. See, e.g., Ducher v. State, 18 Ohio 308, 317 (1849) ("[A]t common law, force was always implied in breaking into a house .... [Thus,] [w]hether the offender gain an entrance by open violence or by deceiving the inmates and knocking at the door after the manner of a peac[e]able citizen, if the intent be felonious, the law implies a forcible breaking of the barriers erected for the security of the dwelling." (citing 4 Blackstone, supra, 226)).

. See State v. Tillery, 227 Kan. 342, 606 P.2d 1031, 1034 (1980) (holding that "force” element of state’s kidnapping statute "may be accomplished by using minimal force").

. See Commonwealth v. Boyd, 73 Mass.App.Ct. 190, 897 N.E.2d 71, 75 (2008) (”[T]he elements of the crime of kidnapping required *633 the Commonwealth to prove beyond a reasonable doubt that the defendant [inter alia] forcibly confined the victim .... Forcible conduct includes acts of actual physical force or the display of potential force.” (citing Commonwealth v. Caracciola, 409 Mass. 648, 569 N.E.2d 774 (1991), in which the Supreme Judicial Council of Massachusetts held that the defendant’s pretending to be a police officer and threatening to arrest the victim constituted "force”)).

. See State v. Clark, 80 N.M. 340, 455 P.2d 844, 845-46 (1969) ("Kidnaping is the unlawful taking, restraining or confining of a person, by force or deception .... [We are not] persuaded that 'force' should be construed to mean violent or deadly force, as might be suggested. It could not have been the legislative intention to so limit the statute, for, many kidnappings are accomplished by the use of only minimal force, as, for example, where a child is abducted.”).

. See Miranda-Ortegon, 670 F.3d at 663 ("[T]he Oklahoma Court of Criminal Appeals has held that 'only the slightest touching is necessary to constitute the "force or violence” element of battery.' ” (quoting Steele, 778 P.2d at 931)); id. ("[T]he definition of 'force' in [Oklahoma's] uniform jury instructions for assault and battery offenses states: 'Any touching of a person regardless of how slight may be sufficient to constitute force.’ ” (quoting Okla. Jury Inst. 4-28)); Steele, 778 P.2d at 931 ("[W]hen addressing the degree of force necessary to constitute a robbery, the legislature has stated [that] the degree of force is immaterial.” (citing 21 Okla. Stat. § 793 (1981))); see also 21 Okla. Stat. § 793 (2002) ("When force is employed [to commit a robbery] the degree of force employed is immaterial.” (footnote omitted)).

. The Sixth Circuit cited Johnson only for the proposition that "[t]his Court is bound by the Michigan Supreme Court's interpretation of state law, including its determination of the elements of a Michigan statute.” Soto-Sanchez, 623 F.3d at 324 (citing Johnson, 130 S.Ct. at 1269).