**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 11-50895

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARLEX DARINEL AVILA, also known as Arlex Darinel Lobo-Avila,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1571-1

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Arlex Darinel Avila ("Avila") appeals his forty-eight month sentence pursuant to his illegal reentry conviction and argues that he should not have received a "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Oklahoma conviction for second-degree burglary. We VACATE and REMAND for re-sentencing.

I.

Avila pleaded guilty to a single-count indictment for illegal reentry in

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

violation of 8 U.S.C. § 1326(a). The Pre-Sentence Investigation Report (PSR) recommended increasing Avila's base offense level of eight by sixteen levels, pursuant to § 2L1.2(b)(1)(A)(ii), on the grounds that his 2007 conviction for second-degree burglary in violation of Okla. Stat. tit. 21, § 1435 was a "crime of violence." Avila's resulting advisory Sentencing Guidelines range was forty-one to fifty-one months.[1] Avila did not object to the PSR, and he requested a sentence at the bottom of the recommended Guidelines range. The district court sentenced Avila within the Guidelines range to imprisonment for forty-eight months and three years of supervised release. Without the enhancement, Avila's advisory Guidelines range would have been fifteen to twenty-one months.[2] Avila now argues that his prior Oklahoma conviction for second-degree burglary did not support the enhancement.

## II.

Because Avila failed to object to the enhancement, we review for plain error only. *See* Fed. R. Crim. P. 52(b); *see also United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). Under plain-error review, this court must determine whether: (1) there was error, (2) the error was plain, (3) the error affects a defendant's substantial rights, and (4) the court should exercise its discretion to correct the error in order to prevent a miscarriage of justice. *United States v. Olano*, 507 U.S. 725, 732 (1993); *Villegas*, 404 F.3d at 358-59. We address each prong in turn.

We must first decide whether Avila's prior Oklahoma conviction for second-degree burglary constitutes a crime of violence pursuant to

---

[1] The PSR placed Avila in criminal history category II. The PSR also recommended a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-one.

[2] For the illegal reentry offense, Avila's base offense level was eight. His Oklahoma conviction, properly assessed, would have triggered an eight-level aggravated felony increase under § 2L1.2(b)(1)(C). Subtracting three offense levels for acceptance of responsibility, Avila's total offense level would have been thirteen. Combined with his criminal history category of II, this would have resulted in an advisory Guidelines range of fifteen to twenty-one months.

§ 2L1.2(b)(1)(A)(ii). Section 2L1.2(b)(1)(A)(ii) provides for a sixteen-level enhancement of a defendant's base offense level if he was previously deported or unlawfully remained in the United States after "a conviction for a felony that is a crime of violence." § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 defines "crime of violence" to include: (1) certain enumerated offenses, including "burglary of a dwelling," or (2) offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, cmt. n.1(B)(iii). At issue here is whether the offense of second-degree burglary described in Okla. Stat. tit. 21, § 1435 qualifies as a "burglary of a dwelling" under § 2L1.2.

To determine whether a specific offense constitutes one of the enumerated offenses under § 2L1.2, "this court employs 'a common sense approach' based on the 'generic, contemporary meaning' of the terms used in the Guidelines." *United States v. Hernandez-Galvan*, 632 F.3d 192, 196 (5th Cir. 2011) (quoting *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008)). Under this common-sense approach, burglary is the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime." *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394-95 (5th Cir. 2007). A "dwelling" for the purposes of § 2L1.2 is defined as "any structure, including a tent or vessel, that is used for human habitation." *United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007).

Next, we compare these common-sense definitions with the language of the statute under which Avila was convicted. *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). This analysis is grounded in the statute of conviction rather than the defendant's specific conduct. *See United States v. Munoz-Ortenza*, 563 F.3d 112, 114 (5th Cir. 2009). With respect to second-degree burglary, Oklahoma law provides:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Okla. Stat. tit. 21, § 1435.  Because some of the structures listed in the Oklahoma statute are not used for human habitation, the statute alone does not render Avila's burglary conviction a "crime of violence" under § 2L1.2.  *See United States v. Gomez-Guerra*, 485 F.3d 301, 304 (5th Cir. 2007) (holding that a defendant's prior conviction for burglary under Florida law was not a "crime of violence" under § 2L1.2 because the language of the Florida statute included curtilage around a structure, which "is not the dwelling itself").

This analysis, however, does not end our inquiry.  When a statute of conviction is overly broad and contains a series of disjunctive elements, "we may also examine certain adjudicative records to determine whether the prior conviction qualifies as an enumerated offense." *United States v. Murillo-Lopez,* 444 F.3d 337, 339-40 (5th Cir. 2006).  The specific records that we may consider under this modified-categorical approach are generally limited to the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *United States v. Najera-Mendoza*, 683 F.3d 627, 629 (5th Cir. 2012) (internal citation and quotation marks omitted).  We may consider these records for the limited purpose of ascertaining which of the disjunctive elements in a statute formed the basis for conviction. *See United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012).

In the instant case, the disjunctive elements included in the Oklahoma second-degree burglary statute are "any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other

structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device . . . ." Okla. Stat. tit., 21 § 1435. The statute does not include "dwelling" as a disjunctive element. The government asserts that this does not end the analysis, and argues that it may use the undisputed fact in Avila's indictment that he burglarized "a certain residence" to narrow the "any building" element of the Oklahoma statute to fit the definition of "dwelling" under § 2L1.2. Avila counters that we may consider that fact for the limited purpose of determining whether his conviction was based on the "any building" disjunctive element, as opposed to the other disjunctive elements, but not to narrow the plain meaning of the "any building" disjunctive element.

Our precedent supports Avila's position that the modified-categorical approach prevents us from reading into the statute a "dwelling" element that it does not contain. In at least two prior cases, we declined to use facts in the indictment to narrow the plain meaning of an element in a criminal statute to fit the meaning of "burglary of a dwelling" under § 2L1.2. For example, in *Ortega-Gonzaga*, this court examined a California burglary statute that prohibited entry into various dwellings and non-dwellings with intent to commit larceny or any felony. 490 F.3d at 394 (citing Cal. Penal Code § 459). We held that the defendant's conviction did not qualify as a "burglary of a dwelling" under § 2L1.2 because the California burglary statute did not require "unlawful or unprivileged" entry, which the Supreme Court previously held was a requisite element of "burglary" under its "generic, contemporary meaning." *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). We declined to rely on the facts of the indictment to narrow the breadth of the "entry" element to "unlawful and unprivileged" entry. *Id.* at 395-96 & n.5. In *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296-97 (5th Cir. 2008), this court followed *Ortega-Gonzaga* and again declined to rely on facts of an indictment to narrow the

elements of the California burglary statute to fit within the definition of "burglary of a dwelling" under § 2L1.2.

Simply put, Oklahoma's second-degree burglary statute does not include a "dwelling" element.[3] Accordingly, our precedent prevents us from considering facts in Avila's Oklahoma indictment to establish that his prior conviction constituted "burglary of a dwelling" under § 2L1.2. Therefore, we conclude that it was error to apply the sixteen-level crime-of-violence enhancement to Avila's prior Oklahoma conviction for second-degree burglary.

Turning to the second prong of the plain error analysis, we must determine whether the error was plain. We conclude that the error was plain because the Oklahoma second-degree burglary statute lacked the requisite "dwelling" element to constitute a "crime of violence" under the Guidelines. *See Gonzalez-Terrazas*, 529 F.3d at 298 (holding that it was plain error to characterize a defendant's prior California conviction of residential burglary as a crime of violence because the statute lacked the requisite "unlawful entry" element); *see also United States v. Insaulgarat*, 378 F.3d 456, 471 (5th Cir. 2004) (holding that it was plain error to characterize a defendant's prior Florida conviction for aggravated stalking as a "crime of violence" because the offense lacked the requisite "physical force" element); *United States v. Gracia-Cantu*, 302 F.3d 308, 313 (5th Cir. 2002) (holding that it was plain error to characterize a defendant's prior Texas conviction for injury to a child as a "crime of violence" because the offense lacked the requisite element of intentional use of force).

Under the third prong of plain-error review, we must determine whether the error affected Avila's substantial rights. Avila has satisfied this prong because there is "a reasonable probability that, but for the district court's error,

---

[3] In two prior cases, this court has considered a defendant's indictment for the limited purpose of determining whether a disjunctive "dwelling" element in a criminal statute was the basis of a conviction. *See*, *e.g.*, *Castillo-Morales*, 507 F.3d at 875; *Murillo-Lopez*, 444. F.3d at 340. Those cases are distinguishable from the instant case because the criminal statute at issue here does not include a disjunctive "dwelling" element.

[he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). "Our precedent is clear that absent additional evidence, a defendant has shown a reasonable probability that he would have received a lesser sentence when (1) the district court mistakenly calculates the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range." *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). Here, the application of the crime-of-violence enhancement resulted in an advisory Guidelines range of forty-one to fifty-one months. Without the crime-of-violence enhancement, the range would have been fifteen to twenty-one months. The district court sentenced Avila to forty-eight months, which is more than twice the maximum sentence under the correct Guidelines range. Therefore, the error affected Avila's substantial rights. *See Gonzalez-Terrazas*, 529 F.3d at 298-99 (holding that a defendant's substantial rights were affected when the defendant received a sentence of fifty-seven months based on an erroneously calculated Guidelines range of fifty-seven to seventy-one months, and absent plain error, the defendant's Guidelines range would have been twenty-four to thirty months); *see also United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005) (holding that a defendant's substantial rights were affected when the defendant received a sentence of seventy-seven months based on an erroneously calculated Guidelines range of seventy-seven to ninety-six months, and, absent plain error, the defendant's Guidelines range would have been thirty-three to forty-one months); *Villegas*, 404 F.3d at 364 (holding that a defendant's substantial rights were affected when the defendant received a sentence of twenty-one months based on an erroneously calculated Guidelines range of twenty-one to twenty-seven months, and absent plain error, the defendant's Guidelines range would have been ten to sixteen months).

The fourth prong of plain-error review asks whether the error affects "the fairness, integrity, or public reputation of judicial proceedings" such that this

court should exercise its discretion to correct the error to prevent a miscarriage of justice. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal citation and quotation marks omitted). Our precedent prevents us from viewing this fourth prong as automatically satisfied, and thus requiring a correction of the error, when the first three prongs of plain-error review are met. "[E]ven if an increase in a sentence [can] be seen as inevitably 'substantial' in one sense[,] it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings." *United States v. Ellis*, 564 F.3d 370, 378-79 (5th Cir. 2009).

Under this case-by-case approach, we conclude that the error in this case warrants the exercise of our discretion. The government offers no argument on prong four. As explained above, the error clearly affected Avila's sentence because it resulted in a non-overlapping Guidelines range and the imposition of a sentence that is more than twice the maximum permitted under the correct Guidelines range. Here there is a "substantial disparity between the imposed sentence and the applicable Guidelines range [that] warrants exercise of our discretion." *Mudekunye*, 646 F.3d at 291. This case is similar to prior cases in which we have exercised our discretion under the fourth prong of plain-error review. *See*, *e.g.*, *Gonzalez-Terrazas*, 529 F.3d at 299 (exercising discretion to correct a plain error in applying the crime-of-violence enhancement to a burglary conviction under the Guidelines when the error yielded two non-overlapping Guidelines ranges and a sentence almost twice the maximum under the correct Guidelines range); *see also*, *e.g.*, *United States v. Gonzales*, 484 F.3d 712, 716 (5th Cir. 2007) (exercising discretion to correct a plain error in applying the crime-of-violence enhancement under the Guidelines when the error yielded two non-overlapping Guidelines ranges and a sentence more than twice the maximum under the correct Guidelines range); *Garza-Lopez*, 410 F.3d at 275 (concluding that a plain error affected the "fairness of the judicial proceedings" when it "resulted in the imposition of a sentence that was substantially greater

than would otherwise have been permitted under the Sentencing Guidelines");
*Villegas*, 404 F.3d at 365 (exercising discretion to correct a plain error that
resulted in two non-overlapping Guidelines ranges and a sentence greater than
the maximum sentence under the correct Guidelines range).  Accordingly, we
find prong four satisfied here.

### III.

For the foregoing reasons, we conclude that the application of the sixteen-
level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) to Avila's prior Oklahoma
conviction for second-degree burglary was reversible plain error.  Accordingly,
Avila's sentence is VACATED and the case is REMANDED for re-sentencing.