# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2013

Lyle W. Cayce
Clerk

No. 11-20508

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIAN GARZA-GUIJAN, also known as Julian Garza, also known as Julien Garza-Guijan, also known as Julian Garza-Guillen,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

DENNIS, Circuit Judge:

Julian Garza-Guijan ("Garza") pleaded guilty to illegal reentry of an alien previously removed subsequent to a conviction for commission of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). The presentence report recommended a sixteen-level sentence enhancement under U.S. Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) for reentry "after . . . a conviction for a felony that is . . . a crime of violence" based on Garza's prior Florida state court convictions for burglary and sexual battery. Garza filed a written objection to the presentence report, arguing that neither conviction constituted a "crime of

violence." The district court overruled Garza's objection and applied the enhancement.

On appeal, Garza again contends that neither of his Florida convictions constituted a crime of violence. The government now agrees that the district court erred in overruling Garza's objection as to his burglary conviction under Florida Statutes § 810.02 (1987). *See United States v. Gomez-Guerra*, 485 F.3d 301, 304 (5th Cir. 2007); *see also James v. United States*, 550 U.S. 192, 212 (2007). The government instead argues that the district court nonetheless was permitted to apply the enhancement based on Garza's sexual battery conviction. We agree that Garza's sexual battery conviction constitutes a crime of violence and therefore affirm.

"We review the district court's characterization of a prior offense as a crime of violence *de novo*." *United States v. Flores–Gallo*, 625 F.3d 819, 821 (5th Cir. 2010) (per curiam). "The Guidelines commentary defines a crime of violence as (1) any of a list of enumerated offenses, . . . or (2) 'any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Najera-Mendoza*, 683 F.3d 627, 629 (5th Cir. 2012). "We give controlling weight to the Sentencing Guidelines commentary unless it is plainly erroneous or inconsistent with the Guidelines." *Id.* "In analyzing whether a prior offense qualifies as a crime of violence, this court applies a categorical inquiry that looks to the *elements* of the crime, not to the defendant's actual conduct in committing it." *Id.* (internal quotation marks omitted). Our analysis is "based on the generic, contemporary meaning of the terms used in the Guidelines." *United States v. Herrera*, 647 F.3d 172, 176 (5th Cir. 2011) (citation and internal quotation marks omitted). "[I]f the defendant was convicted under a statute following the generic definition with minor variations, or a statute narrower than the generic crime, the sentence enhancement may be applied." *Id.* But "[i]f the prior offense of conviction sweeps more broadly than this generic definition, that conviction does

not fall within the enumerated category, regardless of the label a state attaches to the underlying offense." *United States v. Hernandez-Galvan*, 632 F.3d 192, 197 (5th Cir. 2011).

Applying these principles, we conclude that Garza's sexual battery conviction constitutes a crime of violence within the scope of the enumerated category of "forcible sex offenses." *See* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). The Florida sexual battery statute that Garza pleaded guilty to violating provides: "A person who commits sexual battery upon a person 12 years of age or older, *without that person's consent*, and in the process thereof uses physical force and violence not likely to cause serious personal injury is guilty of a felony in the second degree." Fla. Stat. Ann. § 794.011(5) (1987) (emphasis added). The statute defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object," excluding "an act done for a bona fide medical purpose." *Id.* § 794.011(1)(h). "To constitute sexual battery under [§ 794.011(5)], the State must prove the victim did not consent." *Khianthalat v. State*, 974 So. 2d 359, 362 (Fla. 2008). In turn, "'[c]onsent' means intelligent, knowing, and voluntary consent and does not include coerced submission." Fla. Stat. Ann. § 794.011(1)(a) (1987).[1] The Guidelines commentary, meanwhile, specifically describes the "forcible sex offenses" category of crime of violence convictions as "including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii); *see also Herrera*, 647 F.3d at 177-78 (discussing the 2008 amendment to the Guidelines commentary that added this clarification). Because, under the Florida statute, consent to be valid must be "intelligent, knowing, *and voluntary*," Fla. Stat. Ann. § 794.011(1)(a) (emphasis

---

[1] The text of the relevant Florida statutory provisions has not materially changed since the time of Garza's conviction. *See* Fla. Stat. Ann. § 794.011 (2013).

No. 11-20508

added), Garza plainly was convicted of an offense proscribing sexual conduct "where consent . . . is not given or . . . is involuntary" and this conviction falls squarely within the Guidelines category of "forcible sex offenses," U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).[2]

Accordingly, the district court did not err by applying the enhancement. The sentence is AFFIRMED.

---

[2] Garza erroneously asserts that the Florida appellate court decision in *McIlwain v. State*, 402 So. 2d 1194 (Fla. Dist. Ct. App. 1981), suggests that the contours of non-consent under Florida law are somehow broader than the Guidelines category. To the contrary, that decision simply underscores the requirement that consent under the Florida statute must be intelligent, knowing, and voluntary: the court affirmed the defendant's conviction upon concluding that the evidence "support[ed] the jury's finding that the victim did not intelligently consent to the battery." *Id.* at 1197.